OLIVER H. BROWN v. THE TOWNS OF FAIRHAVEN AND WEST-
HAVEN.

*Highways and Bridges.   Joint Liability of Towns under § 41,*
*ch. 25, of the Gen. Sts.   Practice.*

In actions under § 41, ch. 25, of the Gen. Sts., for damages sustained in consequence
of the insufficiency or want of repair of a bridge erected and maintained at the ex-
pense of two or more towns, judgment must be rendered against all the towns or
none.

If notice of injury and claim of damage is not given to all of said towns, none are
liable.

A bridge spanned Poultney River, supported by abutments at either end and a pier
in the middle.  The deepest channel of the river was east of the pier, and is at this
point the line between this state and New York.  The east abutment stood in the
defendant towns, within three feet of low-water mark, and the chartered limits of
said towns extended west only to low-water mark.  The bridge was supported by
the defendants and a town in New York, and the defendants had assumed one-
half the support of it as a part of their highways.  The plaintiff sustained dam-
age by reason of the insufficiency of that portion of the bridge which the defend-
ants had assumed to support, but at a point thereon beyond the limits of the state.
*Held,* that the defendants were not liable for such damage.

On reversal of judgment on special verdict, the supreme court will render such judg-
ment thereon as the county court ought to have rendered.

CASE for damages occasioned by the insufficiency of a bridge.
Trial by jury, September term, 1874, WHEELER, J., presiding.

It appeared on trial that the bridge across Poultney River de-
scribed in the declaration, was about 104 feet long, resting on
abutments on the banks of the stream, and supported in the middle
by a pier built in the river; that the bridge was built and main-
tained at the joint expense of the town of Hampton, in New York,
and the towns of Fairhaven and Westhaven, in this state, and
paid for in the proportion of one-half by Hampton, and one-fourth
each by Fairhaven and Westhaven, and was owned by said towns
in that proportion.   It also appeared that the Vermont end of the
bridge was built on the dividing line between the towns of Fair-
haven and Westhaven, and that the chartered limits of said towns
extended no farther west, or towards the middle of the stream,
than low-water mark on the Vermont side of the stream; and
that the abutment on which the bridge rested extended westerly to

within three feet of low-water mark   The dividing line at this point between the two states, is the middle of the deepest channel of the river, which was between the pier and the abutment on the Vermont side.   The plaintiff testified that on the 24th of May, 1874, he drove onto said bridge from the Vermont side, with a span of horses, a wagon, and a load of potatoes, and that when near the pier, one of the needle beams running crosswise under the bridge, gave way, letting one section of the planking of the bridge fall, precipitating the team and load into the river, and causing the injuries complained of.

There was no evidence of any law of New York in relation to highways or bridges, nor that it was the duty by law of the towns of Westhaven and Fairhaven to support said bridge to the middle of the deepest channel of the river, otherwise than that said towns, with said Hampton, assumed the maintenance of said bridge as a part of their highways ; nor was there any proof that the accident happened within this state, other than what might be inferred from the plaintiff's testimony tending to show at what point on the bridge the accident happened.   The defendant requested the court to direct a verdict for the defendant, on account of variance between the declaration and the proof in this : the plaintiff's declaration alleged that it was the duty by law of the towns of Westhaven and Fairhaven to support said bridge to the middle of the deepest channel of the river, and that the accident happened on that part of the bridge ; and the evidence showed that it was the duty of the three towns of Hampton, Fairhaven, and Westhaven, to support the whole bridge ; and there was no evidence that the accident happened on that part of the bridge lying within this state, except as aforesaid.   The court refused to charge as requested, and the defendant excepted.   The plaintiff failed to show that he gave notice of the injury to the selectmen of the town of Fairhaven, as by law required, and the court, with the consent of the plaintiff's counsel, directed the jury that they might find a verdict for the town of Fairhaven, and against the town of Westhaven, if Westhaven should be found liable in other respects.   To this charge Westhaven excepted.   The defendant also requested the court to charge, that if the jury found that the accident

causing the injury did not happen in this state, the plaintiff could not recover. The court declined to so charge, but, *pro forma*, charged that the plaintiff might be entitled to recover of Westhaven one-fourth of his damage caused by said accident, although the other defendant should not be held liable. To this Westhaven also excepted. The defendants' evidence tended to show that the plaintiff did not exercise ordinary care, and the plaintiff's tended to show that he did. The court submitted that question to the jury, with directions to return a verdict for the plaintiff, if they found that fact for him, and found that the bridge was insufficient, and that the insufficiency caused the injury to the plaintiff. The jury, by direction of the court, found specially, that the whole damage sustained by the plaintiff was forty dollars; that the place where the accident happened was not within the state of Vermont; that one-half of the support of the bridge had been assumed by the towns of Westhaven and Fairhaven, as a part of their highways; and they returned a verdict for the plaintiff to recover of Westhaven ten dollars damages, and his costs; and that the town of Fairhaven recover its costs.

The court, *pro forma*, rendered judgment on the verdict for the plaintiff for ten dollars damages, and one-fourth of the costs; to which Westhaven excepted.

*R. C. Abell*, for the defendant.

The court should have charged the jury, that if they found that the place where the accident happened was not within the state of Vermont, the plaintiff could not recover. Towns are liable for damages for injuries from defective highways and bridges, because the statute law of the state makes them so, and not from any common law liability.

Section 41, ch. 25, of the Gen. Sts., provides that towns shall be liable for damages by reason of the insufficiency of highways and bridges in such town, and if such damages are occasioned by the want of repairs of a bridge erected and maintained at the expense of two or more towns, the action shall be brought against all the towns liable for the repairs of the same, and the damages and costs shall be paid by such towns in the proportions in which they

are liable for such repairs. The liability under the last clause of the section, is evidently intended for those cases where towns have bridges over some stream forming a part of the boundaries of the towns, and for cases where the towns have been ordered by the courts to build and maintain bridges. The highways and bridges of each state, and the liability for injuries from such highways and bridges, are in every respect a matter of internal regulation purely local in itself. Each state has its own laws in regard to the maintaining and repairs of its highways; these laws are local, and liability on the part of a town must be by virtue of some statute law. We have no law in this state making a town liable for injuries happening outside of the state. *Fowler* v. *Allen*, 5 Cow. 669; *Pickering* v. *Fisk*, 6 Vt. 102. The case shows that it did not appear what the law of New-York was on the subject. If there is any liability on the part of the defendant, it must be by virtue of the law in force at the place where the injury happened. In the absence of any proof as to what that law was, the jury should have been directed to bring in a verdict for the defendant.

The action is given against two or more towns jointly, and is to be brought against all the towns liable; if notice is to be given, it should be given to all, and the failure to give notice to one, should operate to the discharge of both—the liability is joint and not several. The statute provides that the action shall be brought against all the towns liable, and the damages paid by them in the proportion of their liability for repairs. The neglect of the plaintiff to notify Fairhaven, affects his right to maintain his action, and not the liability of Fairhaven to pay its proportion.

*Joyce & Lawrence*, for the plaintiff.

The jury have found that the support of the bridge had been assumed by the defendant towns; this would render them liable for all damages sustained by individuals in consequence of its insufficiency. *Blodgett* v. *Royalton*, 14 Vt. 288; *Whitney* v. *Essex*, 42 Vt. 520.

The defendant had assumed the support of the whole bridge,

and while one end of it rests upon the defendant's soil, it cannot avoid responsibility by saying that when the accident happened, the plaintiff chanced to be on the New-York end of the plank.

Again, the exceptions do not show exactly how the bridge was constructed. If long stringers were laid from abutment to pier, and cross timbers on them, and planking lengthwise of the bridge, then in all probability the east end of the plank which went down, laid over onto the Vermont side, and perhaps over into the charter limits of defendant town. Every presumption is to be made in favor of the regularity and correctness of the judgment below, and every inference is to be drawn in support of it. And we insist that that is a fair presumption and legitimate inference from the facts found in this case. It would seem from § 41, ch. 25, of the Gen. Sts., that the accident need not happen within the boundaries of the town, in order to render the town liable. And if not in the town, it can make no difference if it be in either state, provided the defendant town be one liable for repairs of the bridge. The ruling of the court, that one of the defendant towns could be held although the other was not, is in accordance with the statutes upon that subject.

The opinion of the court was delivered by

Ross, J. This is an action to recover for damages sustained through the insufficiency of a bridge across Poultney River, which is the state line, maintained at the joint expense of Fairhaven, Westhaven, and the town of Hampton, in the state of New York, the latter bearing one-half such expense. The right to maintain such actions against towns, is wholly given by statute. No such right exists at common law. Hence, it becomes necessary to inquire what right the statute confers in a case like this. The statutes of this state are limited in their operation by the territorial limits of the state, and therefore can cast no liability upon the town of Hampton. Treating, for the purposes of this case, the towns of Westhaven and Fairhaven as liable for the sufficiency and proper repair of this bridge, the question arises, in what manner, and to what extent, are they liable under the facts shown and found by the jury in the case? The statute conferring the right

of action for the recovery of damages sustained by reason of the insufficiency of a bridge maintained by two or more towns, is contained in § 41, ch. 25, Gen. Sts., and is in the following language : * * * " And. if such damage shall accrue in consequence of the insufficiency or want of repairs of a bridge erected and maintained at the expense of two or more towns, the action shall be brought against all the towns liable for the repairs of the same, and the damages and costs shall be paid by such towns in the proportions for which they are liable for such repairs ; and the court may, in its discretion, issue execution against each town for its proportion only." This language clearly imports a *joint liability*, if any, to be enforced by a *joint suit* and a *joint judgment.* Neither can be sued without the other ; nor can the court render judgment against one alone. The only discretion given to the court is in reference to enforcing the judgment by separate executions. This court has held in a recent unreported case, *Pender* v. *Derby*, in Orleans county, that a suit cannot be maintained against one of the towns alone on such liability. As the liability is joint, to be enforced by a joint suit and judgment, it follows as a logical conclusion, that the person sustaining the injury or loss, must take all the prerequisite steps necessary to charge both towns with such liability. As well might it be held that he can maintain separate suits against each town, as that he may sue both towns and take judgment against one. It is but reaching the same result by different methods.

As a prerequisite to charging any town with liability, the plaintiff must notify one or more of the selectmen of such town, of his injury, or loss, and claim for damages. The language of the statute in this respect is : " No action shall hereafter be had or maintained in any court in this state against *any town* for injuries received or damages sustained through the insufficiency of any highway or bridge, unless notice shall have first been given to one or more of the selectmen of the town in which the highway or bridge is situated." No such notice was given to the town of Fairhaven, and the plaintiff does not claim that he is entitled to recover against that town. As he has no right of action against that town, and as the right, if any, is the right to maintain a joint

action against both towns, his action fails against both. If these views of the law are correct, as we hold they are, it was error in the county court to allow the plaintiff to recover against Westhaven alone.

II. There is another fact found by the jury that, we think, defeats the plaintiff's right to recover, if he had given notice to both towns. The jury have found that the place on the bridge that caused the plaintiff's injury, was not only beyond the territorial limits of the towns of Westhaven and Fairhaven, but beyond the territorial limits of the state. The first clause of § 41, ch. 25, of the Gen. Sts., reads: "If any special damage shall happen to any person, his team, carriage, or other property, by reason of any insufficiency or want of repairs of any highway or bridge *in any town* which such town is liable to keep in repair, the person sustaining such damage shall have the right to recover the same in an action on the case." Giving this language the *broadest possible construction*, it creates no liability upon any town for any insufficiency or want of repairs of any highway or bridge, unless the highway or bridge is in some town within the territorial limits of the state. We know of no statute, and have been referred to none, which authorizes any town to assume the burden of building or maintaining a bridge, or any portion of a bridge, beyond the limits of the state. As the statutes of the state cannot operate beyond its territorial limits, we are unable to see how they can cast any liability upon a town, or give power to any town to assume any liability, for the insufficiency or want of repair of any highway or bridge beyond the limits of the state; and as the liability of towns in such cases exists only by force of the statutes of the state, the plaintiff cannot, in any event, recover for injuries received or losses sustained through the insufficiency of a highway or bridge without the limits of the state.

The defendant excepted to the judgment rendered by the county court on the special verdict. We have found that judgment erroneous. It remains for this court to render such a judgment as the county court should have rendered on the verdict. Hence, the judgment of the county court is reversed, and judgment is rendered for the defendant to recover its costs.