## HORACE TYLER *v.* WILLISTON ET AL.

*Defective bridge.   Joint liability of towns.   Notice of injury.*

1. The County Court ordered a bridge to be built between certain points, and apportioned the expense of erecting and maintaining it among several towns to be benefited thereby.   The bridge as built did not extend to the limit fixed by the order upon one side of the river, nor to the bank, and the town in which that end was located, constructed and maintained at its individual expense an arrangement for connecting the end of the bridge with the bank.   *Held*, that all the towns were jointly liable for an injury occasioned by the insufficiency of the arrangement within the limits of the bridge as fixed by the original order.

2. Notice of the injury to the towns in which the bridge is situated is sufficient to bind all.

This was an action on the case for damages sustained through the insufficiency of a bridge maintained at the joint expense of the four defendant towns.   Trial by court at the September Term, 1889, POWERS, J., presiding.   Judgment for the plaintiff. The defendants except.

The bridge connected the towns of Williston and Essex.   The notice required by statute was served upon these two towns, but no notice was given the other two defendants.   The remaining facts appear in the opinion.

*M. A. Bingham, V. A. Bullard* and *M. H. Alexander*, for the defendants.

The injury did not occur upon the bridge, but upon the approach to the bridge.   *Powers* v. *Woodstock*, 38 Vt. 44 ; *Bardwell & Huntington* v. *Jamaica*, 15 Vt. 438.

(18)

The notice should have been served upon all the towns. Not having been served upon Underhill and Jericho no action can be maintained against them, and inasmuch as the liability is strictly joint, to be borne in certain definite proportions, no suit can be maintained against any unless against all. G. S. c. 25, ss. 41, 42; R. L. s. 3111; Acts 1882, No. 13, s. 4; *Brown* v. *West Haven and Fair Haven*, 47 Vt. 386; *Whitcomb* v. *Rood*, 20 Vt. 49; *Wendall* v. *Hammond*, 40 Vt. 644; *Hoskins* v. *Burnett*, 41 Vt. 702; *Webster* v. *Orne*, 45 Vt. 40.

*Roberts & Roberts*, for the plaintiff.

The order of the County Court fixed the limits of the bridge which these defendants were to make and repair, and for the sufficiency of which they are jointly responsible. Those limits they could not contract by any arrangement among themselves, and within those limits the defect complained of occurred. *State* v. *Williston*, 31 Vt. 153.

The notice was to those towns in which the bridge was situated. This is what the statute requires. Acts 1882, No. 13, s. 4.

The opinion of the court was delivered by

ROYCE, Ch. J. The bridge, through the alleged insufficiency of which the plaintiff received injuries complained of, was built under an order of the Chittenden County Court, at the September Term thereof, 1859. By such order the expense of erecting and repairing the bridge was apportioned among the defendant towns as stated in the exceptions.

The bridge was ordered to be built in accordance with the report of the commissioners appointed in the cause, and by that report the south end of the bridge was established at a point " nearly opposite the door, on the back and northerly side of Roswell B. Fay's dwelling house, there to connect with the present highway that comes to the river, by the west end of said house." The Fay house was situated about six rods beyond and south of the river bank. The bridge was built under contract, by one Edgerton, and, as built by him, and ever since maintained, the Williston or southerly end of the bridge extended

over the abutment from 5 to 8 feet, leaving a space about 6 feet high between the abutment and the end of the bridge as so built. This space had been filled in by the town of Williston by a contrivance of its own devising ; and this contrivance for filling in has been ever since maintained by the town of Williston at its own expense. Williston has also graded the highway up to the bridge at its own end and maintained it.

The injury complained of occurred " at the end of the bridge between the bridge as contracted for and built by Edgerton as aforesaid, and this arrangement, so put in as aforesaid by said town of Williston," and by reason of the insufficiency or want of repair of the " arrangement." It occurred within the limits of the bridge as established by the commissioners and the order of the court above referred to ; and so we must hold that it occurred through the insufficiency of the bridge and is a case contemplated by section 4 of No. 31, Acts of 1882.

The contract made with Edgerton did not, as to the public, fix the limits of the bridge nor relieve the towns affected by the order from liability for accidents occurring within the limits specified by the order, though beyond the extremities of the bridge as actually built.

It was not within the jurisdiction of the commissioners to prescribe the manner in which the bridge should be constructed or the expense of construction. *State* v. *Williston et al.*, 31 Vt. 153. But it was part of their duties to determine the place where it should be erected, and inasmuch as they did this, and their report was adopted and the order of the court made in accordance therewith, that order is just as conclusive and definite on this point as on the apportionment of the expense or the question of the necessity or convenience of the bridge.

The ruling in *Powers* v. *Woodstock*, 38 Vt. 44, is not in conflict with the views here expressed. There a committee established a bridge to be built and maintained at the expense of the four towns to be benefited, also a highway over the bridge, and required wing-walls to be built from the abutments to the river banks, and the space enclosed to be filled in by the four towns

as part of the expense of building the bridge.   Plaintiff's injury
occurred on this space so enclosed and filled in and the question
was, whether this was part of the bridge or of the highway; if
the former, then the four towns would be jointly liable and
should have been sued; if the latter, then Woodstock alone,
being the town in which the accident happened, was liable and
the action was properly brought.   The court held, for satisfac-
tory reasons, that the *locus in quo* was a part of the highway.
But here the sole duty of the commissioners related to the estab-
lishment of the bridge and fixing its limits and apportioning
the expense.   And for any injury to the public occurring within
the limits so established, by reason of the insufficiency of the
structure, of whatever nature, there erected, the town whose
duty it is to keep the bridge in repair must be held liable as for
an insufficiency of the bridge.

   The notice was sufficient.   The law requires notice to the
town (or towns) in which the bridge is situated—Acts of 1882,
No. 13, section 4—and such notice was given.   This is construc-
tively notice to all.   No such question was raised in *Brown* v.
*Fair Haven and West Haven,* 47 Vt. 386.   There the bridge
was situated in both defendant towns and both were liable for
its repair and maintenance.   Notice had been given to one only,
and the court held that such notice was insufficient; and that,
the liability being a joint one, judgment could not be given
against the town that had been notified for a share of the dam-
age sustained proportional to its share of liability for the repairs.

*Judgment affirmed.*