McCalla *v.* Multnomah County.

ROBERT McCALLA, Respondent, *v.* MULTNOMAH COUNTY, Appellant.

*Appeal from Multnomah County.*

County Liable for Negligence of Road Supervisors.—Road supervisors are agents for the county, and the county is liable for a supervisor's negligence in not repairing a bridge.

Bridge.—The county is responsible, under section 347 of the code, for negligence in allowing a bridge to be out of repair, whereby injury accrues to any person traveling over it, who is himself not guilty of negligence; and negligence is a question for the jury.

The plaintiff in this action seeks to recover damages received by the minor son of the plaintiff, caused by said minor having fallen through a bridge on a county road, within said county of Multnomah. The complaint alleges that the said bridge belonged to the county, and that the same was out of repair through the negligence of the county, and in consequence of such negligence said child became injured. The defendant moved for a nonsuit, on the ground that under our state laws there is no liability attaching to a county for injuries sustained by individuals from defects in roads and bridges. The court below overruled said motion, and the case was tried by a jury and damages recovered.

*Kelly & Reed* and *Page & Thayer,* for the appellants.

By common law counties were not liable. (Ang. on Highways, 286, *et seq.*)

Liability under statute cannot be extended beyond statute measure. (17 Conn. 475; 8 Met. 388; 7 Cush. 490.)

No statute in Oregon requiring counties to keep bridges in repair. (Code pp. 866–31.)

Such duties belong to particular officers. (11 N. Y. 392; 21 Cal. 113, etc.)

No notice given to supervisor of defect in bridge.

*Caples & Moreland,* for the respondent.

County bound to repair bridges. (Code p. 366, sec. 870; 3 Hill, 612; 5 Selden, 163.)

A duty to repair involves an obligation to pay damages resulting from a neglect to repair. (16 N. Y. 158; 7 Conn. 86; 9 Iowa, 227; 39 Barb. 329; 13 Iowa, 181; Ang. on Highways, secs. 290–300.)

Boise, C. J. The question presented to this court for determination is: Are the counties in this state liable for injuries to persons occurring by reason of bridges on county roads being out of repair? This question must depend on the construction of our statutes on this subject, "that all county roads shall be under the supervision of the county court of the county in which such road is situated." It is the duty of the county court to appoint supervisors in each road district; and the county court also has power to remove supervisors on failure to perform their duties, and they are made responsible to the court, and are the agents of the county. (See Statutes, 863, sec. 19.) On failure to perform his duty, a supervisor is liable to an action by the county for the use of the county; and as being an agent of the county, and acting under its authority and direction. We think the county would be liable for his negligence in not repairing a bridge, provided there is any liability in such cases. It is contended, that at common law there would be no such liability; and, that a person injured by a bridge out of repair, has no remedy, however clearly it be shown to have been occasioned by the negligence of the road supervisor. This may be true at common law, but the statute of this state (page 235, sec. 347) provides: "An action may be maintained against a county, or other of the public corporations mentioned in section 346, either upon a contract made by such county, or other public corporation in its corporate character, and within the scope of its authority, or for *an injury to the rights* of the plaintiff, arising from some act or omission of such county, or other public corporation."

We think that when the county erects a bridge on a public highway, to be used for travel, they are responsible under this statute for negligence in allowing the same to be

out of repair, whereby injury accrues to any person travel-
ing over it, who is himself not guilty of negligence. What
would be negligence in the county, or in the party injured,
are questions for a jury, to be determined in each particular
case, and in this case they were found favorably to the
plaintiff.