## RUFUS E. LYMAN *vs.* COUNTY OF HAMPSHIRE.

Hampden. Sept. 22. — Nov. 2, 1885. FIELD, C. ALLEN, & GARDNER, JJ., absent.

The St. of 1794, *c.* 30, provided, in § 1, that a bridge should be erected over a river in a certain town and county, "one half of which to be at the expense of said county, and the other half to be borne by the said town;" and, in § 2, that the bridge "shall hereafter be maintained, repaired, and supported in manner as is hereinbefore directed." The officers of the town always made the necessary repairs of the bridge, receiving one half of the expense thereof from the county. *Held*, that a person injured by a defect in the bridge could maintain an action therefor against the county; that, if the nonjoinder of the town as a defendant could be availed of, it could only be in abatement; and that, this not having been done, the county was liable for the whole damages.

In an action against a county for personal injuries occasioned to the plaintiff by stepping into a hole in the flooring of a bridge, which was a county way, there was evidence that the hole, which was a large and dangerous one, had existed for ten years; and that the officers of the county were very frequently upon the bridge A witness testified that he saw the plaintiff, who died before the trial, walking on the bridge carefully, apparently; and that, when he next saw him, his left foot and leg were in the hole. It appeared that the plaintiff had previous knowledge of the defect. *Held*, that the questions of want of due diligence on the part of the county, and of due care on the part of the plaintiff, were properly submitted to the jury.

TORT for personal injuries occasioned to the plaintiff, on November 8, 1881, by reason of a defect in the flooring of a bridge in Huntington, which was a county way. After the former decision, reported 138 Mass. 74, the case was tried in the Superior Court, before *Barker*, J. The jury returned a verdict for the plaintiff; and the defendant alleged exceptions, which appear in the opinion.

*W. G. Bassett*, for the defendant.

*E. H. Lathrop*, for the plaintiff.

MORTON, C. J. The general laws provide that highways, town ways, and bridges shall be kept in repair at the expense of the town, city, or place in which they are situated, when " other provision is not made therefor ; " and that any person injured by a defect therein may recover of the county, town, place, or persons by law obliged to repair the same, such damages as he has sustained thereby to his person or property. Gen. Sts. *c*. 44, §§ 1, 22 ; Pub. Sts. *c*. 52, §§ 1, 18.

The St. 1794, *c*. 30, which has not been repealed, provides, in the first section, that the justices of the Court of General Sessions of the Peace shall order a bridge to be erected over the Westfield River, in the town of Norwich, in the county of Hampshire, " one half of which to be at the expense of said county, and the other half to be borne by the said town of Norwich."

The second section provides that the bridge " shall hereafter be maintained, repaired, and supported in manner as is hereinbefore directed," that is, one half at the expense of the county, and one half at the expense of the town. It thus appears that " other provision " is made for the repair of this bridge than the general obligation imposed upon the town in which it is situated. The statute does not distinctly say that the bridge shall be kept in repair by the county and town, but it uses in substance the same language used in the first section of the General Statutes above quoted. That section provides that ways and bridges " shall be kept in repair at the expense of the town, city, or place, in which they are situated;" and this has always been held to import that the repairs are to be made by such city, town, or place.

The intention of the Legislature was to impose the duty of keeping the bridge in repair jointly upon the county and town ;

and both are liable for damages occasioned by a want of repair, because both are the parties " by law obliged to repair the same." The fact that the officers of the town of Huntington, in which the bridge is situated and which is the successor of the town of Norwich mentioned in the act, have always made the necessary repairs of the bridge, receiving one half of the expense thereof from the county, does not relieve the county from liability; in so doing, they acted as the agents of both parties obliged by law to make the repairs. The same construction was given to a statute similar to the one before us, in the case of *Malden & Melrose Railroad* v. *Charlestown*, 8 Allen, 245.

It follows that the Superior Court rightly refused to rule, as requested by the defendant, that the county is not, by the statute, obliged by law to repair the bridge so as to make it liable for injuries sustained by its defective condition.

The defendant asked the judge to rule that it was liable only for one half of the damages sustained by the plaintiff. This ruling was rightly refused. The special statute, as we have seen, imposes upon the county and town the joint duty and obligation to keep the bridge in repair. The general statutes give to a person injured by want of repair an action of tort against the party obliged by law to keep it in repair. If the case can be taken out of the general rule, that, in an action of tort, non-joinder of a defendant is no defence either in abatement or in bar, so that the defendant could, in any way, avail itself of the defence that the town is not joined as a defendant, it should have availed itself of such defence by way of abatement at an early stage of the case, when the town could have been made a party by amendment. Not having done so, it is liable for the whole damages.

The defendant contends that there was no evidence of want of due diligence by the county, or that the plaintiff was using due care. But the hole into which the plaintiff stepped was a large and dangerous one; and there was evidence that it had existed for ten years, and that the officers of the county were very frequently upon the bridge. It was a question of fact for the jury to determine whether the county might have had notice of it by reasonable diligence, and whether the injury to the plaintiff might have been prevented by reasonable care and

diligence on the part of the county. So the question whether the plaintiff, who died before the trial, was using due care, was for the jury to determine. The evidence tended to show the manner in which the accident happened. One of the witnesses testified that he saw the plaintiff walking on the bridge carefully, apparently, about ten feet from the hole, and when he next saw him his left foot and leg were in the hole. In the absence of any evidence to show negligence on his part, the jury might fairly infer that he was walking with the care ordinarily used under the same circumstances, and accidentally stepped into the hole. The fact that he had previous knowledge of the defect is not conclusive evidence of his negligence, and the question of his due care was rightly submitted to the jury.

*Exceptions overruled.*