[No. 588. Decided January 29, 1889.]

## VAN BUREN CLARK v. LINCOLN COUNTY.

COUNTIES — LIABILITIES — DEFECTIVE SIDEWALKS.

A county is not liable for personal injuries caused by a defective sidewalk under its control.

*Appeal from District Court, Walla Walla County.*

Action by Van Buren Clark against Lincoln County for personal injuries sustained by stepping upon an alleged defective sidewalk. A demurrer to the complaint was sustained, and plaintiff appeals.

*Allen & Crowley*, for appellant.

*N. T. Caton*, for appellee.

The opinion of the court was delivered by

NASH, J. — This action was brought by appellant to recover from defendant the sum of $15,100 for damages suffered by him from injuries received as alleged in the complaint. Defendant demurred to the complaint, the demurrer was sustained, and exception taken. Plaintiff declining to amend, the action was dismissed. Plaintiff appeals, assigning as errors the order sustaining the demurrer and the order dismissing the action. The questions raised by demurrer were, (1) that no cause of action can be maintained against a county of this kind and character; (2) that, even if an action does exist, the claimant, before bringing suit or action, must make out his claim of demand and present the same to the board of county commissioners for their allowance or rejection, and that suit must be brought within three months thereafter.

There is some conflict of authority at common law as to whether a county is ever liable in this class of cases; but the decided weight — we might add, the overwhelming

weight — of authority is against this right.    See 1 Thomp.
Neg. 616, and notes following, and a great number of cases
there cited, including decisions from most of our states.

Judge Dillon, in his work on Municipal Corporations,
says: "It is almost universally considered that they [mean-
ing *quasi* municipal corporations,such as counties, etc.] are
not liable to a civil action for damages occasioned by defec-
tive roads and bridges under their control as public agents,
unless so declared by statute." Dill. Mun. Corp. (2d ed.),
785.    And Judge Cooley, in his work on Torts, p. 622,
makes a much broader statement when he says: "It is well
settled that at common law a municipal corporation is not
liable to an individual for neglect to keep a highway in re-
pair, whereby he suffers an injury in using it." We think,
however, that this is too broad as applied to a municipal
corporation, but not too broad as applied to a county.    It
may, however, be broadly stated that American courts have
agreed that counties are not liable to a private action for
damages sustained by any one in consequence of failing to
keep in repair their highways and bridges. *Larkin v. Sag-
inaw Co.*, 11 Mich. 88; 82 Am. Dec. 63; *Hedges v. Madi-
son Co.*, 1 Gilman, 567; *Huffman v. San Joaquin Co.*, 21
Cal. 426; *Reardon v. St. Louis Co.*, 36 Mo. 555; *Swine-
ford v. Franklin Co.*, 6 Cent. Law J. 434; *Brabham v.
Hinds Co.*, 54 Miss. 363; 28 Am. Dec. 352; *Covington Co.
v. Kinney*, 45 Ala. 176; *Sims v. Butler Co.*, 49 Ala. 110;
*Scales v. Chattahoochee Co.*, 41 Ga. 225.

In New England, towns and cities, which includes villages,
are charged with the duty of repairing both highways and
bridges, but are not held liable at common law to pay dam-
ages to individuals injured by their negligence in not keep-
ing their highways and bridges in repair. *Brown v. Fair-
haven,* 47 Vt. 386; *Com. v. Newburyport,* 103 Mass. 129; *Com.
v. Charlestown*, 1 Pick. 179; 11 Am. Dec. 161.    Michigan
holds the same. *Leoni v. Taylor*, 20 Mich. 148.    Counties
partake of the immunities of states, and are not subject to
liabilities of this character. *Browning v. City of Spring-*

*field*, 17 Ill. 143; 63 Am. Dec. 345, and note; *Town of Waltham v. Kemper*, 55 Ill. 346; 8 Am. Rep. 653; *Hill v. Boston*, 122 Mass. 344–351; 23 Am. Rep. 332; *White v. Commissioners*, 90 N. C. 437; 47 Am. Rep. 534; *Detroit v. Blackeby*, 21 Mich. 84; 4 Am. Rep. 450; *Hollenbeck v. Winnebago County*, 95 Ill. 148; 35 Am. Rep. 151; *Askew v. Hale County*, 54 Ala. 639; 25 Am. Rep. 730; *Dosdall v. Olmsted County*, 30 Minn. 96; 44 Am. Rep. 185. This last-named case is strikingly like the one now under consideration, and it was held that an action like this would not lie.

The rights of the individual are held to yield to the public benefit, and his losses are *damnum absque injuria*. To permit suits of this kind to be brought against counties would be productive of frequent, vexatious, and interminable litigation; and, while this should not stand in the way of anyone's legal right, it ought not to be permitted, unless clearly warranted by law expressly provided by statute. While some courts in this country seem inclined to hold the right to bring suits of this character, the courts in England are wholly against the right, and the great majority of our states having similar provisions in their statutes to our own are against it. In harmony with the great weight of authority in this country, this court holds that the action cannot be maintained.

It is wholly unnecessary to pass upon the remaining point raised by the demurrer. Judgment of the court below is affirmed.

BURKE, C. J., and ALLYN, J., concur.