### SHAW v. TOWN OF POTSDAM et al.

(Supreme Court, Appellate Division, Third Department. December 2, 1896.)

1. BRIDGES—BETWEEN TWO TOWNS—JOINT LIABILITY FOR DEFECTS.
   A bridge between two towns is a bridge of each town, within Laws 1890, c. 568, § 16, providing that every town shall be liable for damages sustained through defects in its bridges; and the towns are jointly liable for such damages.

2. SAME—NOTICE TO COMMISSIONERS—CHANGE OF COMMISSIONERS.
   A town is liable for damages caused by the negligent failure of the commissioner of highways to repair a defective bridge, though he died before the accident, and his successor had no knowledge of the defect.

3. SAME—NOTICE TO COMMISSIONER—DECLARATIONS.
   In an action against a town for personal injuries caused by the failure of the commissioner of highways to repair a defective bridge, declarations made by the commissioner before the injury are admissible to show his knowledge of the defect.

Appeal from circuit court, St. Lawrence county.

Action by William Shaw against the towns of Potsdam and Madrid for personal injuries caused by the fall of a bridge. From a judgment in favor of plaintiff entered on a verdict, and from an order denying a motion for a new trial, defendants appeal. Affirmed.

This action was brought to recover damages for injuries to the plaintiff, resulting from the fall of a bridge over Trout brook,—a stream on the boundary line between the towns of Madrid and Potsdam, in the county of St. Lawrence. The bridge, for many years, had been maintained by the two towns at their joint expense. On the 15th day of May, 1893, the plaintiff, in a loaded wagon, drove onto this bridge from the Madrid side, and, as he neared the Potsdam side, a portion of the bridge fell, precipitating the wagon and plaintiff into the stream. The bridge was about 12 feet above the water. In the fall, the plaintiff received an injury which was severe, as to the facts of which, and the amount of the verdict, the defendants raised no question on the motion for a new trial made at the end of the trial. At the time of the fall of the bridge, William Hall was, and from February, 1889, had been, commissioner of highways of the town of Madrid. One Barnum was commissioner of highways of the town of Potsdam, having been elected at the annual town meeting held in February,

1893. Prior to that time, Isaiah Shields had been for some time commissioner of said town.

Argued before PARKER, P. J., and HERRICK, MERWIN, and PUTNAM, JJ.

John A. Vance (A. X. Parker, of counsel), for appellant town of Potsdam.

F. J. Merriman (Thomas Spratt, of counsel), for appellant town of Madrid.

E. A. Everett (Vasco P. Abbott, of counsel), for respondent.

PUTNAM, J. An extended discussion of this case is not required. We are of opinion that the position taken by the defendants on the trial, that a joint action could not be maintained against them, was properly overruled by the court below. We concur in the conclusion reached in this regard in the opinions in the cases of Oakley v. Town of Mamaroneck, 39 Hun, 448, and Clapp v. Town of Ellington, 87 Hun, 542, 34 N. Y. Supp. 283. As the duty of repairing the bridge in question was imposed upon the commissioners of highways of both towns, it necessarily follows that, for damages resulting from a negligent omission to perform that duty, an action could be maintained jointly against them.

Also, the trial court was right in not sustaining the point urged by the defendant the town of Potsdam,—that as the commissioner of that town in office at the time of the accident was not shown to have had actual notice of the defect in the bridge, and the former commissioner, Shields, who had such notice, was dead, the complaint should have been dismissed as to that town. It was said by Herrick, J., in Bullock v. Town of Durham, 64 Hun, 380, 19 N. Y. Supp. 635:

"I do not think it necessary that it should be the neglect of the particular commissioner in office at the time of the accident in order to make the town liable, nor that it is necessary that notice should be shown to have been received by him."

We see no reason to doubt the correctness of the doctrine thus stated. Nothing is said in the opinion in Lane v. Town of Hancock, 142 N. Y. 510, 37 N. E. 473, that conflicts with the views thus expressed in Bullock v. Town of Durham.

It is urged by the appellants that the trial court erred in permitting the plaintiff to show the declarations of their highway commissioners, Hall and Shields. When the question was first raised on the trial,— the plaintiff seeking to prove a conversation between William Hall, highway commissioner of the town of Madrid, and one Rutherford,— the court remarked, "I only receive that against the town of Madrid as a part of the conversation to show the extent of the notice to the commissioner." In this view, the evidence of the admissions of Hall and Shields, the highway commissioners of the towns of Potsdam and Madrid, were properly received. The plaintiff was compelled to show the fact of notice, either actual or constructive, of the defective condition of the bridge, to the highway commissioners of the said towns. He could show actual knowledge by proving that a witness had informed said commissioners of the condition of the structure, or that the commissioners had made statements in con-

versation with others which showed the existence of such knowledge. The evidence showing the admissions of Hall and Shields was therefore competent to show notice to them of the defective condition of the bridge, and the ruling of the court in that regard presents no ground for a reversal of the judgment.

The question whether or not the highway commissioners of the towns of Madrid and Potsdam had sufficient funds to make the slight repairs necessary to render the bridge in question safe was for the jury. The trial judge submitted that and the other questions in the case in the charge, in which he gave a clear and fair discussion of the evidence; and correctly stated the principles of law applicable to the facts. We think there were no errors in the charge to which exceptions were taken, and that the refusal of the trial court to state certain propositions in the language requested by the defendants is no ground for a reversal of the judgment.

The judgment and order should be affirmed, with costs. All concur.