[No. 2834. Decided October 24, 1898.]

CALVIN KIRTLEY, *Respondent,* v. COUNTY OF SPOKANE, *Appellant.*

COUNTIES — DEFECTIVE BRIDGES — LIABILITY FOR INJURIES.

A county is liable for personal injuries resulting from a defective bridge, under Code Proc. § 672 (Bal. Code, § 5674), providing that an action may be maintained against a county "for an injury to the rights of the plaintiff arising from some act or omission of such county," since the duty of keeping bridges in repair is imposed upon counties by Gen. Stat., §§ 2068, 2070 (Bal. Code, §§ 3834, 3836).

Appeal from Superior Court, Spokane County.—Hon. WILLIAM E. RICHARDSON, Judge. Affirmed.

*John A. Pierce,* and *Harris Baldwin,* for appellant.

*John M. Gleeson,* and *John H. Roche,* for respondent.

The opinion of the court was delivered by

REAVIS, J.—Action by respondent to recover damages against Spokane county, appellant, for injuries sustained from the falling of a defective bridge, which was a part of one of the highways of the county. The bridge fell while the respondent, with his wagon and team, was crossing it. The judgment was for respondent, and the county appeals.

But a single question is presented on the appeal; that is, whether the county is liable for injuries sustained by reason of a defective county road or bridge. Counsel for appellant maintain that the controversy is settled against the contention of respondent in the case of *Clark v. Lincoln County,* 1 Wash. 518 (20 Pac. 576), which was a decision of the territorial supreme court in 1889. That was a case brought for personal injuries sustained by the plaintiff in traveling on a defective sidewalk. Demurrer to the complaint was sustained, and the court there determined that no cause of action existed against a county for the injuries sustained. It will be observed, upon consideration of the decision, that the court had in view the common law liability of a county, and the authorities mentioned by the court were in support of that proposition. The opinion concludes that:

" While some courts in this country seem inclined to hold the right to bring suits of this character, the courts in England are wholly against the right, and the great majority of our states having similar provisions in their statutes to our own are against it."

At the time this decision was rendered, and long prior thereto, the following statute was in force:

"An action may be maintained against a county, or other of the public corporations mentioned or described in the preceding section, either upon a contract made by such county or other public corporation in its corporate

character, and within the scope of its authority, or for an injury to the rights of the plaintiff arising from some act or omission of such county or other public corporation." Bal. Code, § 5674 (2 Hill's Code, § 672).

Counsel for appellant maintain that the territorial supreme court construed this statute, but there is no discussion of the statute, and no mention of it, specifically, in the opinion, while there is a general allusion to our statutes. In view of the importance of the right of action given against counties in the statute quoted, it is reasonable to presume that the attention of the court was not especially directed to it. In this state the right to recover for damages sustained by reason of negligence of municipal corporations in failure to repair streets has been uniformly recognized. Such municipal corporations are by law authorized to construct streets, bridges and sidewalks, and the duty of maintenance is imposed upon the corporation, and for a breach of this duty they are liable to any one injured. The county commissioners by law are authorized to manage, supervise and control the public highways and bridges of the county, to collect taxes for road and bridge purposes, and to maintain and repair them. Laws 1893, p. 147 § 1; p. 149, § 3; p. 151, § 6 (Bal. Code, §§ 3767, 3768, 3821); Laws 1895, p. 419, § 1, and p. 424 (Bal. Code, §§ 3807, 3820).

The duty is expressly imposed on the county to keep bridges in repair, with power to perform such duties. 1 Hill's Code, §§ 2068, 2070 (Bal. Code, §§ 3834, 3836). *Seanor v. Board of County Commissioners,* 13 Wash. 48 (42 Pac. 552).

It would seem that no distinction on principle can be made between the liability of a municipal corporation, a town or city, and that of the county for defective bridges; but, as observed in *Clark v. Lincoln County, supra,* while

8—20 WASH.

there is some conflict of authority at common law as to whether a county is liable for failure to repair, the decided weight of authority is against the right.    1 Thompson, Negligence, § 616, and cases cited; Dillon, Municipal Corporations (4th ed.) § 996.

And Judge Cooley, in his work on Torts (2d ed.), *page 622, states that, "at the common law a municipal corporation is not liable to an individual for neglect to keep a highway in repair, whereby he suffers an injury in using it."    The leading case exempting counties from such liability, and upon which the cases in this country seem to be based, is *Russell v. Men of Devon,* 2 Term R. 667. This was an action brought against the inhabitants of the county of Devon for injuries sustained in consequence of a county bridge being out of repair.    Two of the inhabitants, for themselves and others in the county, appeared and demurred generally.    The demurrer was sustained. The reasons for the judgment were stated by Lord Kenyon, C. J.:

" But the question here is, whether this body of men, who are sued in the present action, are a corporation or a *qua* corporation, against whom such an action can be maintained.    If it be reasonable that they should be by law liable to such an action, recourse must be had to the legislature for that purposes.    .    .    .    I do not say that the inhabitants of a county or hundred may not be incorporated to some purpose; as if the king were to grant lands to them, rendering rent, like the grant to the good men of the town of Islington.    But where an action is brought against a corporation for damages, those damages are not to be recovered against the corporators in their individual capacity, but out of their corporate estate; but if the county is to be considered as a corporation, there is no corporation fund out of which satisfaction is to be made."

Ashhurst, J., said:

" But there is another general principle of law which is more applicable to this case—that it is better that an individual should sustain an injury than that the public should suffer inconvenience. Now, if this action could be sustained, the public would suffer a great inconvenience; for if damages are recoverable against the county, at all events they must be levied on one or two individuals who have no means whatever of reimbursing themselves; for if they were to bring separate actions against each individual of the county for his proportion, it is better that the plaintiff should be without remedy."

Manifestly, this reasoning is not applicable to counties now organized in this and most of the other American states. While counties are political divisions exercising the functions of local governmental agencies for the state, there are many local municipal powers conferred upon them as such, and they may sue and be sued as corporations, and corporate funds are provided for the payment of judgments against the county, and the manner of the payment of such judgments specified by statute. But our statute expressly meets the suggestion of Lord KENYON, *supra*, that "if it be reasonable they should be by law liable to such an action, recourse must be had to the legislature for that purpose." Not only is provision made for an action against the county upon contract within the scope of its authority, but an injury to the right of the plaintiff arising from some *act* or *omission* of the county. The state of Oregon from an early date had a statute identical in its terms with that in force in this state, and, while such statute existed in that state, it was held to confer a right of action against the county for neglect in allowing bridges to be out of repair. *McCalla v. Multnomah County*, 3 Ore. 424; and again affirmed in *Sheridan v. City of Salem*, 14 Ore. 328 (12 Pac. 925). Such a liability against the county is held to exist in Massachusetts (*Lyman v. County of Hampshire*, 140 Mass. 311, 3 N. E.

211); in Iowa (*Wilson v. Jefferson County,* 13 Iowa, 181; *Krause v. Davis County,* 44 Iowa, 141); in Maryland (*Eyler v. County Commissioners of Alleghany County,* 49 Md. 257, 33 Am. Rep. 249); in Pennsylvania (*Humphreys v. County of Armstrong,* 56 Pa. St. 204); in Indiana (*House v. Board of Commissioners of Montgomery County,* 60 Ind. 580, 28 Am. Rep. 657). Our statute appears to have been taken from Oregon after it had been construed by the courts of that state.

We conclude that the injuries to the respondent arose from the omission of the county of Spokane to repair the bridge over which respondent was crossing, and that, under the statutes of this state, the county is liable for such negligence. The judgment of the superior court is affirmed.

SCOTT, C. J., and ANDERS and DUNBAR, JJ., concur.

GORDON, J., dissents.