[No. 6792.    Decided December 13, 1907.]

MAMIE M. REDFIELD, *a Minor, by Her Guardian Ad Litem,
John J. Redfield, Appellant*, v. SCHOOL DISTRICT No.
3 OF KITTITAS COUNTY, *Respondent*.[1]

SCHOOL DISTRICTS—LIABILITY FOR PERSONAL ·INJURIES—GOVERN-
MENTAL FUNCTIONS. A school district is liable for the negligent act
and omissions of its officers or agents whereby a bucket of hot water,
used in connection with the heating apparatus of a schoolroom, is
overturned and a pupil burned or scalded, under Bal. Code, §§ 5673,
5674, authorizing actions against a school district for an injury
arising from some act or omission of the district, the statute apply-
ing to governmental functions.

Appeal from a judgment of the superior court for Kittitas
county, Rigg, J., entered September 29, 1906, upon sustain-
ing a demurrer to the complaint, dismissing an action against
a school district for personal injuries sustained by a minor
through the overturning of a bucket full of hot water. Re-
versed.

*Pruyn & Felkner*, for appellant.

*Hovey & Hale* and *Graves & McDaniels*, for respondent.

DUNBAR, J.—This is an action against school district No.
3 in Kittitas county. The complaint alleges, in substance,
that while Mamie Redfield, a minor, was attending the public
school in said district, in the public schoolhouse where she had
a right to be as a student of the public schools, the school-
room was heated by a furnace; that there was a register in the
floor of said schoolroom through which the heat of said furnace
would come into said room and heat the same, and that when
the said furnace was fired, the district and its agents, servants,
teachers, and employees, carelessly and negligently kept and
maintained upon said register a large metal bucket of the ca-

[1]Reported in 92 Pac. 770.

pacity of more than three gallons, and caused said bucket to be kept nearly full of water; that by reason of the heat from said register, the water in the bucket was kept scalding hot; that the register was in or near the center of the schoolroom, and said bucket was carelessly and negligently kept and left by the defendant and its agents, servants, teachers, and employees wholly unguarded and unprotected in any manner whatever, and was liable at any time to be upset and overturned; and avers that on or about the 9th day of January, 1906, said bucket full of scalding water was upset and overturned, without any fault of the plaintiff, said Mamie Redfield, and that the scalding water from the bucket ran over the legs and feet and lower part of the body of the said Mamie Redfield and injured her in the manner described in the complaint. To this complaint the defendant district filed a general demurrer. The court sustained the demurrer upon the ground that the plaintiff had no right of action against the district. The cause was dismissed, judgment entered for costs, and appeal followed.

It will be seen that the only question for determination is whether a school district in this state is liable for the negligent acts or omissions of its officers and agents in the performance of their duties. It may be conceded that school districts are involuntary corporations, organized not for profit or gain but solely for the public benefit, and as a means of carrying out the scheme of the state to educate its citizens. The same thing, however, may be said of cities and counties, though their objects and purposes are different and their powers are not so limited as the powers of school districts. This, however, is simply a matter of degree; they are all formed for the benefit of the public and not as money-making corporations, and all have delegated governmental functions to perform. It is contended by the respondent that it appears from the averments of the complaint that the agents of the school district in question were performing governmental functions and that, under

the great weight of authority, the corporation is not liable, under the doctrine of *respondeat superior*, for the negligent acts or omissions of its officers or agents; and to sustain this contention many adjudicated cases, as well as the announcement of text-writers to that effect, are cited. We have examined all of these authorities and it may, we think, be conceded that in the main they correctly state the law so far as the weight of authority is concerned, though it must be admitted that many of the distinctions which are made between the performance of governmental duty and duties which are not considered governmental are exceedingly filmy, and frequently seem to be distinctions without difference. The citation from vol. 5, Thompson Com. on Negligence, § 5839, to the effect that,

"In the construction and reparation of a public schoolhouse, a municipal corporation is deemed to act in the discharge of a public or governmental duty, and not as a private corporation. It is, therefore, not liable in damages for an injury proceeding from the fact that it has negligently constructed a schoolhouse or allowed it to become dangerously defective,—as where, through the defective insulation of a lightning-rod on a schoolhouse, a pupil is struck by lightning; or where, by reason of a defective heating-apparatus in a public schoolhouse, a pupil is burned and scalded;"

which seems to be exactly in point, like the other authorities cited, is simply an announcement of the common law rule, and the cases cited by that author to sustain this unqualified announcement are all of the same character.

The first case cited by the learned author is *Hill v. Boston*, 122 Mass. 344, where, in an exhaustive opinion, all of the principal cases, both English and American, are reviewed; but they discussed only the common law liability, it appearing that there was no statute on the subject, while it was stated in many of the opinions, in cases of seeming hardship, that the legislature must be looked to for relief; and the supreme court of Massachusetts itself, eight years after the decision in *Hill v. Boston*, in *Lyman v. Hampshire*, 140 Mass. 311, 3 N. E.

211, held that the county was liable to a person injured from a defect in a bridge by reason of a statute granting a right to recover in such cases. In this case a discussion of the common law doctrine is unprofitable for the reason that there is a statutory enactment on the subject. Bal. Code, § 5673 (P. C. § 1355), is as follows:

"An action at law may be maintained by any county, incorporated town, school district, or other public corporation of like character in this state, in its corporate name, and upon a cause of action accruing to it, in its corporate character, and not otherwise, in either of the following cases, . . ."

stating the cases. Section 5674 (P. C. § 1356) provides that:

"An action may be maintained against a county, or other of the public corporations mentioned or described in the preceding section, either upon a contract made by such county or other public corporation in its corporate capacity, and within the scope of its authority, or for an injury to the rights of the plaintiff arising from some act or omission of such county or other public corporation."

With the inapplicable portions of the two sections omitted, the law would read as follows: An action may be maintained against a school district for any injury to the rights of the plaintiff arising from some act or omission of such district. It seems to us that this statute is scarcely susceptible of construction. The complaint in this case shows that there was an injury to the right of the plaintiff, and that it arose from an act of negligence and an omission of duty on the part of the agents of the school district. It was the right of the plaintiff presumably to attend school in the building in which she was injured, and she had a right to the reasonable protection of her person while attending such school. This right it seems, under the allegations of the complaint, was violated, and she was thereby deprived of it. The school district had a duty to perform. This duty is imposed by statute. Among its prescribed duties are the duties to rent, repair, furnish and insure schoolhouses, to employ and for sufficient cause to dis-

charge teachers, to enforce rules and regulations prescribed by the superintendent of public instruction for the government of the schools and teachers, and in general to see that the school is conducted in a manner tending to carry out the object for which schoolhouses are built and school districts organized.

It is contended by the respondent that it was not the intention of the legislature to make the act aforesaid apply to governmental duties, and that the acts complained of were in the performance of strictly governmental duties. The school district is a creature of the statute, and the state is not limited in its authority over the district, and would have power to make it responsible in the performance of governmental duties as well as any other kind of duties. If the acts complained of were perpetrated in the performance of a governmental duty, it would be difficult to conceive what duties the legislature had in mind in enacting the statute. It is more probable that, in contemplation of the common law rule, it was attempting to remove the limitations and restrictions of such rule and make the district responsible generally for an omission of duty. In any event, the law itself has not incorporated the limitations claimed for it by the respondent, and if its theory is correct, it would have been an idle thing for the legislature to have passed the law making the district responsible for acts for which it was already responsible before the enactment of the law, viz., acts which were not governmental. In any event, this statute has been construed by this court in *Kirtley v. Spokane County*, 20 Wash. 111, 54 Pac. 936, where the action was for an injury to the rights of the plaintiff arising from the act or omission of the county of Spokane in maintaining a defective bridge. In that case, after admitting practically the general rule contended for by respondent in this case, and quoting from the opinion of Lord Kenyon, in *Russell v. Men of Devon*, 2 Term R. 667, this court says that,

"Our statute expressly meets the suggestions of Lord Kenyon, *supra*, that 'if it be reasonable they should be by law liable to such an action, recourse must be had to the legislature

for that purpose.' Not only is provision made for an action against the county upon contract within the scope of its authority, but an injury to the right of the plaintiff arising from some *act* or *omission* of the county."

This reference was to the statute now under discussion, and this court cited the case of *McCalla v. Multnomah County*, 3 Ore. 424, a case decided under a similar statute, *Lyman v. Hampshire*, *supra*, and many other cases.

Believing that the statute clearly gives the right of action attempted to be enforced in this case, the judgment will be reversed, and the cause remanded with instructions to overrule the demurrer.

RUDKIN, FULLERTON, MOUNT, and ROOT, JJ., concur.

HADLEY, C. J. and CROW, J., took no part.