[No. 12323.  *En Banc.*  November 17, 1915.]

FRANCIS J. HOWARD, *by her Guardian etc., Respondent,* v.
TACOMA SCHOOL DISTRICT NO. 10, PIERCE COUNTY,
*Appellant.*[1]

SCHOOLS·AND SCHOOL DISTRICTS—INJURY TO PUPIL—NEGLIGENCE—
CONTRIBUTORY NEGLIGENCE — APPLIANCES ATTRACTIVE TO CHILDREN —
QUESTIONS FOR JURY.  The questions of negligence and contributory
negligence in the maintenance and use of ladders for exercise in the
play room of a school, are for the jury, where it appears that a
horizontal ladder, seven feet from the ,floor, was reached by a per-
pendicular ladder against the wall, that no mats were placed on the
concrete floor to minimize the danger, that the horizontal ladder was
higher than necessary and was not supposed to be used by small
children, who used the room, and that a child, six years of age, who
had been told not to use the ladders and knew it was wrong, did so
at a time when no superiors were present, and fell and broke her
arm.

SAME—NEGLIGENCE—PLAY GROUNDS—ACTS IN GOVERNMENTAL CA-
PACITY—LIABILITY—COMMON LAW.  A school district is only a quasi
corporation, and in the· maintenance of exercise ladders in a play
room, is exercising only a governmental function, and is not, at
common law, liable for injuries resulting from its negligence in the
premises.

SAME—STATUTES—CONSTRUCTION.  A school district is liable to a
pupil who is injured through the negligence of the district in the
maintenance of dangerous exercise ladders in a play room, under
Rem. & Bal. Code, § 951, providing that an action may be maintained
against a school district for an injury to the rights of the plaintiff
arising from some act or omission on its part.

APPEAL—DECISION—RULE OF DECISION.  Under the principle of
*stare decisis,* a long line of decisions declaring a doctrine as to the
liability of public corporations in certain cases ought not to be de-
parted from except for urgent reasons.

Appeal from a judgment of the superior court for Pierce
county, Chapman, J., entered April 20, 1914, upon the ver-
dict of a jury rendered in favor of the plaintiff, in an action

[1]Reported in 152 Pac. 1004.

for personal injuries sustained by a minor in falling from a ladder. Affirmed.

*Lorenzo Dow,* for appellant.

*Kelly & MacMahon,* for respondent.

*Henry W. Pennock, amicus curiae.*

ELLIS, J.—Action for damages for personal injuries. The facts are as follows: In the basement of the Oakland school building, in the city of Tacoma, the defendant installed and maintained two ladders for the use of the school children in physical exercise. One was seven feet high, placed perpendicularly against the wall, the other horizontal, connecting with the first and extending out over the basement floor for a distance of about thirty feet. In their use it was intended that the children should climb onto the horizontal ladder by means of the perpendicular ladder and swing from the rungs by their hands, passing out reaching from rung to rung, the purpose being to develop the muscles of the arms, shoulders and chest. The ladders were not intended for the use of the small children. These were cautioned not to climb upon them. The floor of the basement was of concrete. The toilets were in the basement, and also the lockers in which the children kept their lunches and wraps. A bench ran around the wall, the basement being used as a play room in the rainy season. The concrete floor under the ladder was not covered with mats, nor was there any net or other contrivance to prevent injury in case of a fall. The plaintiff was a little girl about six years old. On the day of the accident, when school was dismissed, she marched out with the other children and went into the basement to visit the toilet. On her way out, noticing the ladder, she climbed upon it and, becoming exhausted, fell, breaking her arm.

At appropriate times, motions for a nonsuit and for a directed verdict for the defendant were interposed. Both were overruled. The jury returned a verdict for the plaintiff for

$500. From the judgment entered thereon, the defendant appeals.

As preliminary to the main questions involved, we shall first dispose of the appellant's claims that the school district was guilty of no negligence, and that, in any event, the injured child was guilty of such contributory negligence as to preclude a recovery.

On the primary question of negligence, the testimony of two or three professional physical directors was clear that it is customary to place mats two and one-half to four inches thick beneath such ladders in order to break falls which are always liable to occur in their use, and that such mats minimize the danger of injury. There was also evidence that such ladders should be no higher than to be reached by jumping from the floor, and that these were too high for the reasonably safe use of the children. It is also argued, and the thing seems self-evident, that the upright ladder should have been so constructed as to be removed when not in use, so that small children, for whose use the ladders were not intended, could not climb upon the horizontal ladder in the absence of supervisors.

On the question of contributory negligence, it fairly appears that the injured child was unusually bright for her years. She testified that the teacher had told her not to climb upon the ladders and that she knew it was wrong for her to do so. She had, however, often seen older children play upon these ladders, and it is matter of small wonder that a child of her age would forget such caution and attempt to emulate the performance of the older children. Whatever her knowledge of the rules and of the wrong of disobedience, it can hardly be said that a child of six, however bright, had such a realizing sense of the danger as to be guilty of contributory negligence, as a matter of law, in attempting the usual use of this inviting apparatus. The questions of negligence and contributory negligence were clearly for the jury.

The appellant contends that, in the maintenance of the ladders in question for the physical development of the children, the school district was exercising a governmental function, and is therefore immune from liability for injuries resulting from negligence of its officers or agents in connection therewith. The respondent contends that the school district was not exercising a governmental function but a proprietary or corporate function in the premises, and was therefore liable; and that, even if it be conceded that the function was governmental, the school district is made liable for negligence in the premises by the provision of the statute, Rem. & Bal. Code, §§ 950, 951 (P. C. 81 §§ 1667, 1669), as construed by this court in *Redfield v. School District No. 3 of Kittitas County*, 46 Wash. 85, 92 Pac. 770.

Two questions are thus presented: (1) Was the school district acting in a governmental capacity and hence not liable in an action at common law? (2) If so, is it liable under the statute?

I. Unlike cities and towns, school districts, though corporate entities and classed as municipal corporations, are essentially only *quasi* municipal corporations. *State ex rel. School Dist. No. 24 v. Grimes*, 7 Wash. 270; 34 Pac. 836. They are mere arms of the state for the administration of its school system. Practically all of their functions are therefore governmental.

"They are governmental agencies, and it is, to say the least, doubtful if they are in any respect anything else, or have any rights that can be called private." *Attorney General ex rel. Kies v. Lowrey*, 131 Mich. 639, 643, 92 N. W. 289.

See, also, *Whitehead v. Board of Education of Detroit*, 139 Mich. 490, 102 N. W. 1028; *Freeland v. Stillman*, 49 Kan. 197, 30 Pac. 235; *Beach v. Leahy*, 11 Kan. 23; 1 Dillon, Municipal Corporations (5th ed.), p. 67, § 37.

This is certainly true as to providing and maintaining school grounds, school buildings and appliances, and all those things which it is permitted the school boards to acquire and

administer through the expenditure of public school funds. Such is the net result reached by Chief Justice Gray, after a most exhaustive and discriminating review of the authorities, both English and American, in the leading case of *Hill v. Boston*, 122 Mass. 344, 23 Am. Rep. 332. Although in Massachusetts at that time the duty to provide school houses and equipment was imposed by general law upon all towns and cities of the commonwealth, such towns and cities were, in substance, held to be *pro tanto* nothing more than *quasi* corporations exercising a portion of the sovereign power of the state, not for their own benefit, but as agents of the public. In that case it was therefore held that a child attending a public school, who was injured by reason of the unsafe condition of a staircase in the schoolhouse, could not maintain an action against the city for damages, there being no liability at common law and no statute declaring a liability. Judge Dillon states the rule as follows:

"When a municipal corporation is charged by charter or statute with *the duty of erecting and maintaining public schools* for the education of the children of the municipality, the weight of authority is to the effect that in the exercise of the power so conferred it performs a public or governmental duty and not a special corporate or administrative duty as distinguished from a State or public duty, and it is not impliedly liable for the wrongful acts and negligence of its officers or agents in maintaining and repairing school buildings. In the case of school districts, boards of education and other *quasi* corporations created for the limited purpose of directing and controlling school matters, exemption from liability, in some jurisdictions at least, is placed upon the twofold ground (first) that those bodies are only *quasi* corporations and (second) that they perform only a public and governmental duty and do not act in a private or corporate capacity in erecting and maintaining school buildings." 4 Dillon, Municipal Corporations (5th ed), p. 2888, § 1658.

See, also, *Kinnare v. Chicago*, 171 Ill. 332, 49 N. E. 536; *Bigelow v. Inhabitants of Randolph*, 14 Gray (Mass.) 541; *Howard v. Worcester*, 153 Mass. 426, 27 N. E. 11, 25 Am.

St. 651, 12 L. R. A. 160; *Ernst v. West Covington*, 116 Ky.
850, 76 S. W. 1089, 105 Am. St. 241, 63 L. R. A. 652;
*Clark v. Nicholasville*, 27 Ky. Law 974, 87 S. W. 300; *Folk
v. Milwaukee*, 108 Wis. 359, 84 N. W. 420; *Freel v. School
City of Crawfordsville*, 142 Ind. 27, 41 N. E. 312, 37 L. R.
A. 301; *Lane v. District Township of Woodbury*, 58 Iowa
462, 12 N. W. 478; *State, Use of Weddle v. Board of Com'rs
of Frederick County*, 94 Md. 334, 51 Atl. 289; *Diehm v.
Cincinnati*, 25 Ohio St. 305; *Ford v. Kendall Borough School
Dist.*, 121 Pa. St. 543, 15 Atl. 812, 1 L. R. A. 607.

The rule of nonliability at common law applies even in case
of duties not imposed *nolen volens*, but also as to those vol-
untarily assumed by permission of the state, the ground of
immunity being, not that the duty is compulsory, but that it
is public. *Wixon v. Newport*, 13 R. I. 454, 43 Am. Rep. 35.
The same rule of immunity at common law applies in relation
to defects in school grounds used as playgrounds for the re-
creation of the school children as obtains in case of school
buildings. *Finch v. Board of Education of Toledo*, 30 Ohio
St. 37, 27 Am. Rep. 414; *State, Use of Weddle v. Board of
School Com'rs of Frederick County*, and *Bigelow v. Inhabit-
ants of Randolph, supra.*

We are asked, "How can it be said that the physical de-
velopment of children is a function of government?" The
answer seems obvious—just for the same reason that it can
be said that the mental development of children is a function
of government. Both are intended to raise the standard of
citizenship. The state is certainly as much interested in the
physical standard of its citizens as in their mental standard.
Condemnation of land for play grounds in connection with the
public schools is a public use. *State ex rel. School Dist. No.
56 v. Superior Court*, 69 Wash. 189, 124 Pac. 484; *Sorenson
v. Perkins & Co.*, 72 Wash. 16, 129 Pac. 577.

To hold that the school district in providing the school
house was performing a governmental function, and in pro-
viding these exercise ladders was performing a private or

proprietary function, would be to mark a distinction without basis either in reason or authority. In providing and maintaining these ladders, the district was acting in a governmental capacity. It is clear, therefore, it would not be liable at common law for the injury here in question.

II. Is the district liable under the statute? The statute, reference being had to Rem. & Bal. Code by section numbers, is as follows:

"§ 950. An action at law may be maintained by any county, incorporated town, school district, or other public corporation of like character in this state, in its corporate name, and upon a cause of action accruing to it, in its corporate character, and not otherwise, in either of the following cases:—1. Upon a contract made with such public corporation; 2. Upon a liability prescribed by law in favor of such public corporation; 3. To recover a penalty for forfeiture given to such public corporation; 4. To recover damages for an injury to the corporate rights or property of such public corporation.

"§ 951. An action may be maintained against a county, or other of the public corporations mentioned or described in the preceding section, either upon a contract made by such county or other public corporation in its corporate character, and within the scope of its authority, or for an injury to the rights of the plaintiff arising from some act or omission of such county or other public corporation."

It will be noted that this statute applies to counties and incorporated towns as distinctly and specifically as it does to school districts. It was first passed in 1869, and is found in practically the same terms in the code of 1881. It is a replica of the former statute of Oregon, which is quoted in the opinion in *McCalla v. Multnomah County*, 3 Ore. 424. In that case, it was made the basis of liability of the county for a personal injury resulting from negligence in failing to keep a bridge in repair. This statute was also applied in *Sheridan v. Salem*, 14 Ore. 328, 12 Pac. 925, as making the city liable for personal injuries resulting from a defective crosswalk. In each of these cases it was recognized that, at common law

and but for this statute, there would have been no liability. At first our own territorial supreme court, apparently overlooking the statute and following the rule of the common law, held that a county was not liable for personal injuries caused by a defective sidewalk under its control. *Clark v. Lincoln County*, 1 Wash. 518, 20 Pac. 576. This fact was later pointed out by the state supreme court and, though recognizing the rule of the common law, the court held a county liable under the terms of the statute for personal injuries resulting from a defective bridge under county control, expressly following the decisions of the Oregon court in the *McCalla* and *Sheridan* cases. *Kirtley v. Spokane County*, 20 Wash. 111, 54 Pac. 936; *Hoexter v. Judson*, 21 Wash. 646, 59 Pac. 498.

Still later the question arose touching the liability of a school district for injury to a pupil resulting from a bucket of hot water used in connection with the heating apparatus in a school building. This court, speaking through the late Judge Dunbar, after again recognizing the common law rule of immunity in the exercise of governmental functions, held the school district liable, basing the decision squarely upon the statute and using the following language:

"It is contended by the respondent that it was not the intention of the legislature to make the act aforesaid apply to governmental duties, and that the acts complained of were in the performance of strictly governmental duties. The school district is a creature of the statute, and the state is not limited in its authority over the district, and would have power to make it responsible in the performance of governmental duties as well as any other kind of duties. If the acts complained of were perpetuated in the performance of a governmental duty, it would be difficult to conceive what duties the legislature had in mind in enacting the statute. It is more probable that, in contemplation of the common law rule, it was attempting to remove the limitations and restrictions of such rule and make the district responsible generally for an omission of duty. In any event, the law itself has not incorporated the limitations claimed for it by the respondent,

and if its theory is correct, it would have been an idle thing for the legislature to have passed the law making the district responsible for acts for which it was already responsible before the enactment of the law, viz., acts which were not governmental.   In any event, this statute has been construed by this court in *Kirtley v. Spokane County*, 20 Wash. 111, 54 Pac. 936, where the action was for an injury to the rights of the plaintiff arising from the act or omission of the county of Spokane in maintaining a defective bridge.   In that case, after admitting practically the general rule contended for by respondent in this case, and quoting from the opinion of Lord Kenyon, in *Russell v. Men of Devon*, 2 Term. R. 667, this court says that,

"Our statute expressly meets the suggestions of Lord Kenyon, *supra*, that 'if it be reasonable they should be by law liable to such an action, recourse must be had to the legislature for that purpose.'   Not only is provision made for an action against the county upon contract within the scope of its authority, but an injury to the right of the plaintiff arising from some *act* or *omission* of the county.'

"This reference was to the statute now under discussion, and this court cited the case of *McCalla v. Multnomah County*, 3 Ore. 424, a case decided under a similar statute, *Lyman v. Hampshire, supra* [140 Mass. 311, 3 N. E. 211], and many other cases."   *Redfield v. School District No. 3 of Kittitas County*, 48 Wash. 85, 92 Pac. 770.

The supreme court of Minnesota has held that, by a statute providing that an action may be brought against school trustees "Upon a contract made with them in their official capacity, or for an injury to the rights of the plaintiff, arising from some act or omission of the officers or of the district," the legislature did not intend to abrogate the rule of nonliability for negligence in the performance of a purely public function.   *Bank v. Brainerd School District*, 49 Minn. 106, 51 N. W. 814.   The court, however, frankly admits that it is not clear what was intended by the language "for an injury to the rights of the plaintiff," thus failing to meet the clear logic of the *Redfield* case, which shows that this lan-

guage could only be intended to abrogate the common law rule of nonliability for torts.

The supreme court of Oregon in *Wiest v. School Dist. No. 24*, 68 Ore. 474, 137 Pac. 749, 49 L. R. A. (N. S.) 1026, criticizes the decision of this court in the *Redfield* case as carrying the statute too far, but strangely overlooks its own decisions in the *McCalla* and *Sheridan* cases placing the same construction on a statute couched in the same terms, namely, that it was intended to abrogate the common law rule of immunity as to counties and towns. It is obvious that, unless we overrule the *Redfield* case, the judgment in the case before us must be affirmed. Counsel, however, point out the plain fact that, unless we overrule the *Redfield* case, we perpetuate the incongruity of a rule that a school district is liable for negligence in the performance of governmental duties, while a municipal corporation proper is not liable in such a case, but is only liable for negligence in the performance of propri-etary or corporate duties. Simple candor compels the recognition of this fact. We have followed the rule of the common law (extended, it is true, as to the care of streets) in cases involving incorporated towns and cities, ignoring the statute, and have applied the statute in its full extent as to school districts and counties.

We have repeatedly held that an incorporated town or city is not liable where injury occurs through negligent performance or omission of performance connected with its purely governmental functions, thus according to the municipality the sovereign immunity of the state. *Lawson v. Seattle*, 6 Wash. 184, 33 Pac. 347; *Russell v. Tacoma*, 8 Wash. 156, 35 Pac. 605, 40 Am. St. 895; *Lynch v. North Yakima*, 37 Wash. 657, 80 Pac. 79, 12 L. R. A. (N. S.) 261; *Cunning-ham v. Seattle*, 40 Wash. 59, 82 Pac. 143, 4 L. R. A. (N. S.) 629; *Cunningham v. Seattle* (rehearing), 42 Wash. 134, 84 Pac. 641, 4 L. R. A. (N. S.) 629.

These cases merely follow the rule of the common law as it has been understood ever since its announcement in the case

of *Russel v. Men of Devon*, 11 Durn. & East 667.   In none
of these cases is the statute, Rem. & Bal. Code, §§ 950, 951
(P. C. 81 §§ 1667, 1669) construed or even referred to.   In
one of them, *Cunningham v. Seattle*, on rehearing, it is inti-
mated that we have no statute on the subject.   See 42 Wash.
p. 136.

In the following cases, the common law distinction between
governmental and nongovernmental functions has been in-
voked as making cities and towns liable for negligence of their
officers or agents, withholding in the latter class of functions
the state's immunity.   *Sutton v. Snohomish*, 11 Wash. 24, 39
Pac. 273, 48 Am. St. 847; *Seattle v. Stirrat*, 55 Wash. 560,
104 Pac. 834, 24 L. R. A. (N. S.) 1275; *Engelking v. Spo-
kane*, 59 Wash. 446, 110 Pac. 25, 29 L. R. A. (N. S.) 481;
*Hayes v. Vancouver*, 61 Wash. 536, 112 Pac. 498; *Hewitt v.
Seattle*, 62 Wash. 377, 113 Pac. 1084, 32 L. R. A. (N. S.)
632; *Bjork v. Tacoma*, 76 Wash. 225, 135 Pac. 1005, 48 L.
R. A. (N. S.) 331.   In none of these decisions was the statute
mentioned or construed, while in one of them, *Sutton v. Snoho-
mish, supra*, it is expressly stated, but without referring to
the statute, Rem. & Bal. Code, §§ 950 and 951, that:

"It must be conceded that there is no legislative enact-
ment declaring these cities [municipal corporations of the
third class] liable for such negligence as is alleged in the com-
plaint in this action; and it may also be conceded that the
appellant city cannot legally be made to respond in damages
for negligence in the discharge of purely governmental
duties."

The negligence there involved was the failure of the city
to keep a city highway in repair.   The city was held liable
because that duty did not "call forth the exercise of strictly
governmental functions."   Subsequently the same liability as
to a county, in *Kirtley v. Spokane County, supra*, was dis-
tinctly referred to the statute alone.

It is useless to multiply citations or to prolong discussion.
Clearly we have two lines of decisions, in one of which the

statute is either denied or ignored, and in the other of which
it is recognized and held to abrogate the common law rule of
immunity. The first line we have constantly followed in deal-
ing with cities and incorporated towns, and the second in
dealing with school districts and counties. A majority of the
court are averse to overruling either line. To overrule the
first would be to unsettle the law of damages as it has been
applied to corporations purely municipal almost from the
beginning of statehood. To overrule the second would be
judicially to repeal the statute, the obvious purpose of which,
as it would seem inadvertently, has already been much im-
paired. The only other course is to uphold both lines of
precedent as applied respectively to the two classes of cor-
porations in the adjudicated cases.

"*Stare decisis* is the policy of the courts. Upon this prin-
ciple rests the authority of judicial decisions as precedents,
and the doctrine ought not to be departed from, except for
urgent reasons." *State ex rel. Hyland v. Peter*, 21 Wash.
243, 57 Pac. 814.

See, also, *Manning v. Tacoma R. & Power Co.*, 34 Wash.
406, 75 Pac. 994; *State ex rel. Atkinson v. Ross*, 43 Wash.
290, 86 Pac. 575.

With the means of collecting the judgment we are not
concerned. That question is not before us. On the authority
of the statute as construed in the *Redfield* and *Kirtley* cases,
the judgment is affirmed.

MORRIS, C. J., HOLCOMB, PARKER, MAIN, and CHADWICK,
JJ., concur.