[No. 12220. Department Two. March 20, 1915.]

THE STATE OF WASHINGTON, on the Relation of William Vance, Plaintiff, v. A. W. FRATER et al., Respondents.[1]

CONSTITUTIONAL LAW—EQUAL PROTECTION OF LAWS—CLASS LEGISLATION—COURT STENOGRAPHER — STATUTE AUTHORIZING APPOINTMENT. 3 Rem. & Bal. Code, § 42-13, excluding from the operation of the act for the appointment of official court stenographers counties containing a population of 200,000, is not such an arbitrary classification of the counties as to constitute a violation of the constitutional provisions designed to secure the equal protection of the laws and to prevent class legislation.

Application filed in the supreme court August 12, 1914, for a writ of mandamus to compel the superior court for King county, Frater, J., et al., to appoint an official court reporter. Writ denied.[2]

[1]Reported in 147 Pac. 25.

[2]Rehearing pending.

*Vanderveer & Cummings*, for plaintiff.

*John F. Murphy* and *Robert H. Evans*, for respondents.

FULLERTON, J.—This is an application made upon notice for a peremptory writ of mandamus, directed to the defendants as judges of the superior court of King county, commanding them to appoint an official court reporter. The defendants, through their counsel, have demurred to the application, and the cause is before us upon the question whether the facts stated therein justify the issuance of the writ. We find it unnecessary to set forth the facts recited in the petition, as they suggest but a single question, namely, the applicability of the provisions of the act of March 19, 1913 (Laws of 1913, p. 386; 3 Rem. & Bal. Code, § 42-1 *et seq.*), to the county of King.

The act in question, by its first section, makes it the duty of "each superior court judge in counties and judicial districts in the state of Washington having a population of over thirty thousand inhabitants to appoint a stenographer to be attached to the court holden by him." The last section of the act (Id., §42-13), provides that the "act shall not apply to any county having a population of two hundred thousand, or over." It is conceded by the relator, and the court knows judicially, that the county of King has a population in excess of two hundred thousand, and that the act as written does not apply to that county.

It is the relator's contention that the classification made of the counties by the legislature is not founded upon any just distinction between the separated classes, and is in consequence arbitrary and in violation of those clauses of the constitution designed to secure the equal protection of the laws and to prevent class legislation. The inquiry suggested by the contention is narrowed, however, by our decision in *State ex rel. Lindsey v. Derbyshire*, 79 Wash. 227, 140 Pac. 540, where we held the act operative as to the counties to which it ostensibly applied. Discussing the nature of the section now

in question, it was there suggested that it was a limitation upon the general classification made in the first section of the act rather than an additional classification; and it was held, when so considered, not to affect the constitutionality of the act in so far as it was made operative, even though the limitation might be considered in violation of the constitution, as in such a case the limitation alone would be rejected.

The present inquiry is, therefore, should the limitation exempting from the operation of the act counties containing a population of 200,000 or more be rejected as violative of the constitution. So treating it, we are not convinced that the limitation is invalid. To classify counties and districts of the state according to population and to enact legislation operative as to one class and inoperative as to another, is a common practice of the legislature; common not only to the legislature of this state, but to the legislatures of other states of the Union having constitutional provisions like, and similar in effect to, our own. Such legislation has been upheld by the courts with almost entire unanimity. While in most, if not every instance, it has been difficult to see any just distinction between the classes which approach the mean of the dividing line, a just distinction is easily discernible between the extremes. Take for example the present instance. Probably no just reason can be given for saying that a court in a county or judicial district having a population of 30,000 should have an official stenographer, while a court in a county or district having a population of 29,999 should not, yet such legislation is upheld from the necessities of the case. There being a sound reason why a court in a county or district having a large population should have an official stenographer, while a court in a county or district which is small should not, the legislature, in enacting laws to meet the needs of the state as a whole, is compelled to draw more or less arbitrary lines of division. Where such is the case, the court looks to the act as a whole, to its general scope and purpose, rather than to the immediate line of division, and upholds the act if it can

be discovered that the classification or limitation is not wholly arbitrary.

Looking at the present limitation in this light, we cannot think it wholly arbitrary. A reason can exist why a court of a county or district having a population of 30,000 might require an official stenographer, while a court in a county or district having a population of 1,000 or less, or of 200,000 and over, might not require one. It may be that, in the smaller district, the business of the court is such that the services of a stenographer can be dispensed with altogether without detriment to the public interests, however convenient the services of one may be. It may be that the public interests require the services of a stenographer in the other classes, and that there is not sufficient private employment in the intermediate class to engage the attention of a competent stenographer, rendering it difficult and costly to obtain one when the necessity therefor arises, which difficulty is overcome by giving a stenographer constant employment; while in the larger district, it may be that competent stenographers are always within reach and the public employment of one not thus a necessity. Other reasons may have suggested themselves to the legislative mind. But, be this as it may, the reason need not be all-pervading. It is enough if it be not wholly arbitrary; and, as we say, we do not so find it in this instance.

The application is denied.

MAIN and CROW, JJ., concur.

MOUNT and ELLIS, JJ., concur in the result.