[No. 15389. Department One. January 28, 1920.]

DANIEL SWANSON, *by his Guardian etc., Appellant,* v. SCHOOL DISTRICT No. 15, PIERCE COUNTY, *Respondent.*[1]

STATUTES (25)—SUBJECTS AND TITLES—SCHOOLS AND SCHOOL DISTRICTS. Laws 1917, p. 332, providing that no action shall be maintained against school districts relating to specified matters, bears a direct relation to the title, "An act relating to actions against school districts"; and the generality of the title is not a valid objection to it.

SAME (9)—EFFECT OF PARTIAL INVALIDITY. The provision of laws 1917, p. 332, forbidding certain actions against school district officers is severable from that part of the act forbidding actions against school districts; so that failure of the title of the act to include officers does not affect the constitutionality of the balance of the act relating to school districts.

CONSTITUTIONAL LAW (102)—CLASS LEGISLATION—REMEDIES—LIABILITY OF SCHOOL DISTRICTS. Laws 1917, p. 332, providing that no action shall be maintained against school districts relating to

[1] Reported in 187 Pac. 386.

specified matters is not open to the objection of being class legislation; since it covers all school districts in the state.

STATUTES (34)—ENACTMENT—AMENDMENT OR INDEPENDENT ACT. Laws 1917, p. 332, changing the law relating to certain actions against school districts, being a complete and independent act without reference to prior laws on the subject, does not offend against Const., art. 2, § 37, providing that no act shall be revised or amended by reference to its title but the revised act shall be set forth in full.

STATUTES (41)—IMPLIED REPEALS. While repeals by implication are not favored, the later of two irreconcilable acts must prevail.

CONSTITUTIONAL LAW (39)—JUDICIAL POWERS—SEVERITY OF LAW. The courts cannot declare a law unconstitutional because of its severity, if it meets constitutional requirements in other respects.

Appeal from a judgment of the superior court for Pierce county, Card, J., entered March 26, 1919, upon sustaining a demurrer to the complaint, dismissing an action in tort. Affirmed.

*Fremont Campbell* and *H. G. Fitch,* for appellant.

*William D. Askren, Frank D. Nash,* and *J. A. Sorley,* for respondent.

MAIN, J.—Daniel Swanson, a minor, by his guardian *ad litem,* brings this action for the purpose of recovering damages for personal injuries, alleged to be due to the negligence of the officers and agents of the defendant school district. The officers of the district are not parties to this action. To the complaint, a demurrer was interposed, and sustained by the trial court. The plaintiff elected to stand upon his complaint and refused to plead further. Thereupon a judgment was entered dismissing the action, from which this appeal is prosecuted.

Daniel Swanson, while attending school in district No. 15, Pierce county, was seriously injured upon a circular saw which was maintained and operated in the manual training department of the school. Without reviewing the allegations of the complaint, it may

be said that a cause of action is there stated, unless recovery is barred by reason of chapter 92, Laws of 1917, p. 332, which is as follows:

"An act relating to actions against school districts. "Be it enacted by the legislature of the state of Washington:

"Section 1. No action shall be brought or maintained against any school district or its officers for any non-contractual acts or omission of such district, its agents, officers or employees, relating to any park, playground, or field house, athletic apparatus or appliance, or manual training equipment, whether situated in or about any school house or elsewhere, owned, operated or maintained by such school district."

The act on its face purports to relieve school districts and their officers from liability for injuries arising out of the "manual training equipment" of the school. Under the prior statute (Rem. Code, § 951), as construed in *Redfield v. School District No. 3*, 48 Wash. 85, 92 Pac. 770, and *Howard v. Tacoma School District No. 10*, 88 Wash. 167, 152 Pac. 1004, Ann. Cas. 1917D 792, school districts were liable in such cases. Chapter 92 of the Laws of 1917, p. 332, above referred to, has been before this court a number of times for construction. *Bruenn v. North Yakima School District No. 7*, 101 Wash. 374, 172 Pac. 569; *Foley v. Pierce County School Dist. No. 10*, 102 Wash. 50, 172 Pac. 819; *Holt v. School District No. 71*, 102 Wash. 442, 173 Pac. 335; *Bailey v. School District No. 49*, 108 Wash. 612, 185 Pac. 810; but in none of those cases were the questions urged upon this appeal presented. The act is now assailed as unconstitutional for three reasons.

It is first contended that the title of the act is not sufficient under § 19, article 2, of the constitution, which provides that: "No bill shall embrace more than one subject, and that shall be expressed in the title." The act is entitled: "An act relating to actions against

school districts." In the body of the act it is provided that "no action shall be brought or maintained against any school district or its officers for any non-contractual acts or omission of such district, its agents, officers or employees, . . . relating to any manual training equipment" and the other things there specified. The title of the act is general; the body of the act seeks to relieve school districts and their officers from liability for noncontractual acts or omissions of duty in certain specified particulars. As applied to the district, the title of the act is broader than the provisions of the act itself, and it cannot be held the subject of the act, so far as relating to the district, is not embodied in the title. It has frequently been held that the title of an act to be sufficient need not be an index to the body thereof, and that the generality of the title is no objection to it so long as it is not made to cover legislation incongruous with itself. In *State v. Seattle Taxicab & Transfer Co.,* 90 Wash. 416, 156 Pac. 837, it was said:

"We have frequently held that the title to an act to be sufficient need not be an index to the body of the act; that it is sufficient if it is suggestive of the general subject treated; that the generality of a title is no objection to it, so long as it is not made a cover to legislation incongruous in itself; and that, under a general subject, may be included innumerable minor subjects, if these minor subjects relate to the general subject expressed and form a comprehensive whole. . . ."

The title of the act in question refers to actions against school districts. The body of the act provides that no actions shall be maintained against such districts relating to the matters therein specified. The body of the act bears a direct relation to the subject as expressed in the title. The act not only refers to the district, but to "its officers," and no mention is made

of the officers in the title. The proper construction, as related to the officers, doubtless is that it was intended to refer to them as officers of the district and not in their individual capacity, the purpose being to exempt from liability not only the district, but its officers as such. So construing the act, the title would be sufficient to cover the subject of officers. However, if this be not the proper construction, it does not follow that the act would be unconstitutional so far as it affects the district. Conceding, but not deciding, that the subject expressed in the title does not include the officers, it would not affect the result. The elimination of the officers from the act would not defeat its main purpose. Where unconstitutional provisions are severable, it is the established law of this state that their unconstitutionality will not render the remainder of the act unconstitutional, provided that, when the unconstitutional portion is stricken out, that which remains is complete in itself and capable of being executed in accordance with the apparent legislative intent, entirely independent of that which was rejected. *State ex rel. Lindsey v. Derbyshire*, 79 Wash. 227, 140 Pac. 540. This rule is applicable even though the constitutional and the unconstitutional provisions may be contained in the same section, provided they are distinct and separable, so that the first may stand though the latter fall. In Cooley on Constitutional Limitations (6th ed.), page 211, upon this question it is said:

"The constitutional and unconstitutional provisions may even be contained in the same section, and yet be perfectly distinct and separable, so that the first may stand though the last fall. The point is not whether they are contained in the same section; for the distribution into sections is purely artificial; but whether they are essentially and inseparably connected in substance. If, when *the unconstitutional portion is* stricken out, that which remains is complete in itself,

and capable of being executed in accordance with the apparent legislative intent, wholly independent of that which was rejected, it must be sustained. . . ."

.If the word ''officers'' should be stricken from the statute, that which remains is complete in itself and capable of being executed in accordance with the apparent legislative intent. This is made clear by reference to the prior law. Section 951, Rem. Code, the prior statute on the subject of the liability of school districts, made no reference to its officers. Under that statute, as above pointed out, it was held in the *Redfield* and *Howard* cases that the district was liable for such actions as this one. The *Howard* case was decided in November, 1915, and the legislature at its next session passed the law in question, evidently having in mind the purpose of relieving school districts from the force of the prior law as it had been construed.

The second point is that the act is class legislation, and therefore in violation of § 28, of article 2, of the constitution. Little need be said upon this question. The act on its face covers all school districts within the state. In *State ex rel. Vance v. Frater*, 84 Wash. 466, 147 Pac. 25, it was held that a law dividing the counties of the state into different classes did not offend against this provision of the constitution because there was a reasonable basis for such classification. If counties may be thus subdivided, it would certainly require no extended argument to sustain the holding that a law which covers all school districts of the state, which are quasi-municipal corporations, is not subject to objection that it is class legislation.

Finally, it is contended that the act in question offends against § 37, of article 2, of the constitution, which provides that: ''No act shall ever be revised or amended by mere reference to its title, but the act revised or the section amended shall be set forth at

full length.'' The argument is, if we have gathered it correctly, that the act is, in effect, an amendment of the prior law and the revised act or section amended is not set forth at full length. No reference is made, either in the title or the body of the act, to any prior law. The act, upon its face, is complete in itself. The holding on this question is controlled by *Spokane Grain & Fuel Co. v. Lyttaker,* 59 Wash. 76, 109 Pac. 316. There the same question was raised with reference to an act which provided that every person furnishing material or supplies to be used in the construction, alteration or repair of any building, etc., was required to deliver or mail to the owner or reputed owner of the property upon which the materials or supplies were to be used, a duplicate statement of all such materials or supplies which were delivered to the contractor, and provided further that no materialman's lien could be enforced unless the provisions of the act had been complied with. That act made no reference to the prior law upon the subject, but provided as an additional requirement to the validity of a lien the delivery or mailing to the owner of a duplicate statement. The effect of the law was to add to the prior law an additional requirement necessary to the validity of the lien. It was there held that the act was complete in itself and satisfied the requirements of the constitution that the legislature was not required to embody all legislation relating to a given subject in a single act, but that it may cover the subject by a succession of acts. There can be no substantial distinction between that case and the present. There the statute construed added requirements to a prior law in an act making no reference to such prior statute. Here the act, in effect, takes from the operation of the prior law the liability of school districts in certain particulars. It is true that repeals by implication are not favored,

but where there is an irreconcilable repugnancy between two laws, the later in time must prevail. The case of *Copland v. Pirie*, 26 Wash. 481, 67 Pac. 227, 90 Am. St. 769, is not only distinguishable upon the facts, but it is suggested in the *Spokane Grain & Fuel Company* case that probably that case went too far in limiting and restricting the legislature as to the mode it might pursue in the enactment of laws. The question upon this branch of the case is so fully and completely discussed in the *Spokane Grain & Fuel Company* case that further comment here seems unnecessary. Even though the act be a harsh law and unjust in its operation, the court has no right or power to declare it unconstitutional for this reason when it meets the constitutional requirements in other respects. The relief, if any, must be sought from the legislature.

The judgment is affirmed.

HOLCOMB, C. J., PARKER, MACKINTOSH, and MITCHELL, JJ., concur.