[No. 30784.   Department One.   March 31, 1949.]

*In the Matter of the Application for an Order of the Court
to Restore Time Served Between the First and
Second Judgment.*

JOHN RICHARD LINDSEY, *Appellant,* v. SUPERIOR COURT
OF KING COUNTY *and the Honorable J. B. Kinne,
Judge thereof, Respondents.*[1]

[1]Reported in 204 P. (2d) 482.

*John Richard Lindsey,* pro se.

*Charles O. Carroll* and *Thomas P. Keefe,* for respondents.

STEINERT, J.—This is an appeal from an order of the superior court denying the motion of the petitioner, a convict under the laws of the state of Washington, for allowance of time credit upon the term of his imprisonment in the state penitentiary under final judgment of conviction and sentence for the crime of murder in the second degree.

Appellant, John Richard Lindsey, was by information originally charged, in count I, with the crime of murder in the first degree and, in count II, with the crime of assault in the first degree. Upon a trial by jury, he was found guilty as charged, and judgment of conviction and sentence was entered June 15, 1946. Upon appeal to this court, the judgment was, on February 14, 1947, reversed and the cause remanded for a new trial. *State v. Lindsey,* 27 Wn. (2d) 186, 177 P. (2d) 387, 181 P. (2d) 830.

Thereafter, on motion of the state, made in open court, the charge of murder in the first degree was reduced to the charge of murder in the second degree, and the charge of assault in the first degree was dismissed. On September 5, 1947, appellant entered a plea of guilty to the reduced charge, and a judgment was entered on the same day imposing upon the appellant a sentence of confinement in the state penitentiary for a maximum term of not more than twenty years and a minimum term to be fixed by the board of prison terms and paroles. No appeal was taken from this latter judgment.

At all times intervening between the date of the first judgment and that of the second judgment, appellant remained in custody, being confined in the county jail. Pursuant to a warrant of commitment duly issued, appellant entered the state penitentiary on September 23, 1947.

On February 26, 1948, the board of prison terms and paroles, acting under the authority of Rem. Rev. Stat. (Sup.), § 10249-2 [P.P.C. § 782-5], fixed the duration of appellant's confinement in the penitentiary, constituting the minimum term alluded to in the judgment, at seven and one-half years.

On August 16, 1948, appellant, while serving his sentence in the penitentiary, filed in the superior court for King county, in the original criminal cause, but under the caption appearing above, a motion, supported by his affidavit, for an order allowing him, on his sentence, a time credit of approximately fifteen months' confinement in the county jail, being the period intervening between June 15, 1946, the date of the first judgment of conviction, and September 5, 1947, the date of the second judgment. Copies of the motion and affidavit were served upon the prosecuting attorney for King county and upon the board of prison terms and paroles. The prosecuting attorney, presumably representing the state and also the board of prison terms and paroles, appeared at the hearing of the motion; appellant did not appear in person, but filed a brief. The court, after considering the matter, filed a written decision denying the motion. This appeal followed.

The respondent court, through the prosecuting attorney, has moved to dismiss the appeal, upon several grounds. In our opinion, none of these grounds furnishes sufficient basis for sustaining the motion, and, for that reason, the motion will be denied.

Upon the merits of the case, the question presented for decision is, as indicated above, whether appellant is entitled to time credit for the period of his confinement in the county jail between the date of the original judgment and the date of the second, or final, judgment.

Appellant's claim for allowance of such time credit is based upon Laws of 1893, chapter 61, § 34, p. 134 (Rem. Rev. Stat., § 1750 [P.P.C. § 5-91]), which reads as follows:

"If a defendant who has been in prison during the pendency of an appeal, upon a new trial ordered by the su-

preme court, shall be again convicted, the period of his former imprisonment shall be deducted by the superior court from the period of imprisonment to be fixed on the last verdict of conviction."

Respondent, on the other hand, in resistance of appellant's claim, relies upon chapter 114, Laws of 1935, p. 308 et seq. (Rem. Rev. Stat. (Sup.), § 10249-1 et seq.), which created the board of prison terms and paroles, as presently designated, and prescribed the functions, powers, duties, and limitations of that body.

Section 2 of that act (Rem. Rev. Stat. (Sup.), § 10249-2) provides, inter alia, that when a person is convicted of any felony, except certain felonies specifically named therein, the court shall sentence such person to the penitentiary or reformatory and shall fix only the maximum term of such person's sentence, and that, where the maximum term is fixed by the court, such maximum term shall be fixed at not less than twenty years.

Section 2 of the 1935 act next provides that, after the admission of such convicted person to the penitentiary or reformatory, the board of prison terms and paroles shall obtain from the sentencing judge and prosecuting attorney a statement of all the facts concerning such convicted person's crime and any other information of which they may be possessed relative to such person, and that it shall be the duty of the sentencing judge and prosecuting attorney to furnish such information and to indicate to the board, for its guidance, what in their judgment should be the duration of such convicted person's imprisonment.

The same section then provides that, within six months after the admission of such convicted person to the penitentiary or reformatory, the board of prison terms and paroles shall fix the duration of his or her confinement.

Next, in § 2, follows a provision which, because of its bearing upon the question here involved, we quote in full:

"When a convicted person appeals from his or her conviction and is at liberty on bond pending the determination of his or her appeal by the supreme court, credit on his or her sentence will begin from the date of the remittitur. In all

other cases, credit on a sentence will begin from the date the judgment and sentence is signed by the court."

This quoted portion of § 2, will receive more extended consideration a little later in this opinion.

The 1935 act, referred to above, was amended by chapters 47 and 92, pp. 77, 594, Laws of 1947 (Rem. Supp. 1947, § 10249-1a *et seq.*), but the amendatory provisions are not material here.

Respondent contends (1) that, under the express provisions of the 1935 act, *supra,* the sentencing judge has power only to impose the full maximum sentence authorized by law and to make recommendations to the board of prison terms and paroles concerning the minimum sentence to be imposed by that body; and (2) that Rem. Rev. Stat., § 1750, quoted above, has been repealed by implication by Rem. Rev. Stat. (Sup.), § 10249-2, *supra.*

The first and principal question to be here decided is, in our opinion, whether § 1750 has been impliedly repealed by § 10249-2, as contended by respondent. If that question be answered in the negative, then clearly the appellant herein should in some manner have received time credit for the period of his former imprisonment in the county jail. If, on the contrary, that question be answered in the affirmative, then further consideration must be given to that part of § 10249-2 quoted above.

Repeals by implication are ordinarily not favored in law, and a later act will not operate to repeal an earlier one unless the later act covers the entire subject matter of the earlier act, is complete in itself, and is evidently intended to supersede the prior act, or unless the two acts are so clearly inconsistent with, and repugnant to, each other that they cannot, by a fair and reasonable construction, be reconciled and both be given effect. *Abel v. Diking & Drainage Imp. Dist.,* 19 Wn. (2d) 356, 142 P. (2d) 1017; *Rosenthal v. Tacoma,* 31 Wn. (2d) 32, 195 P. (2d) 102.

Upon examination of the 1935 act in its entirety, we find that § 9 thereof (Rem. Rev. Stat. (Sup.), § 10249-9, being part of the very act upon which respondent relies,

expressly repealed many sections of the criminal code relating to the imposition of sentences and terms of imprisonment of convicted persons, but did not repeal, nor even mention, § 1750. This would indicate, to some extent at least, that the legislature did not consider § 1750 inconsistent with the 1935 act.

. An analogous situation arose in the case of *In re Sanford,* 10 Wn. (2d) 686, 118 P. (2d) 179, involving Rem. Rev. Stat., § 2285 [P.P.C. § 112-59], which was passed in 1925 and constitutes a part of the criminal code. The court there said:

"That § 2285 was not directly repealed by the act of 1935, while many sections of the code were so repealed, is at least some indication that the legislature did not deem the earlier provision of law inconsistent with the act of 1935."

The *Sanford* case, *supra,* is also authority for the proposition that the 1935 act is not complete in itself and was not intended by the legislature to supersede an earlier act (§ 2285) which the later act did not expressly repeal. We quote further from the opinion:

"While the act [Chapter 114, Laws of 1935] is comprehensive in its scope, it does not appear therefrom that the legislature intended the act to be exclusive or complete in itself."

█ Looking more closely to the 1935 act, we believe that the provision thereof which we have previously quoted above has reference only to a situation where an appeal results in the affirmance of a judgment of conviction and, perhaps, to a situation where the convicted person elects not to appeal, but that it does not refer to a situation where an appeal results in a reversal of the judgment, as was the case here. We think this conclusion logically follows an analysis of the quoted paragraph of section 2 of that act.

Under that provision of section 2, if the convicted person appeals and remains at liberty under bond pending the appeal, he is given credit on his sentence from the date of the *remittitur*; but, in all other cases, including a situation where the convicted person remains in custody during his appeal, he receives credit only from the date the "judgment

and sentence is signed by the court." If the term "judgment and sentence," as here used, has reference to the final judgment, under which the convicted person is imprisoned in the penitentiary, and which is of course the only valid judgment in the case, then manifestly the convicted person will not have received any credit at all for the time spent in the county jail pending his appeal. That would be exactly the situation presently confronting the appellant in the case at bar. By the same token, the convicted person who remained at liberty pending his appeal would receive credit for time never served by him, that is, for the time intervening between the date of the remittitur and the date of the final judgment and sentence. This result, in our opinion, would be manifestly unjust, and would not reflect what we conceive to be the true intention of the legislature.

The only escape from that result, under respondent's theory that § 1750 has been impliedly repealed, would be to interpret the term "judgment and sentence," used in the quoted provision of the 1935 act, as meaning the *original* judgment of conviction, which was reversed on appeal. To adopt that interpretation, however, would require that the word "sentence" as used in that provision of the act be given a dual significance. The concluding language of the provision, if fully explained, would then have to be understood as meaning that "in all other cases, credit on a sentence [the valid and final one] will begin from the date the judgment and sentence [the earlier, erroneous one] is signed by the court." It seems improbable to us that the legislature had that intention. If, however, that interpretation were intended, and were now adopted, then it is apparent that the 1935 act, Rem. Rev. Stat. (Sup.), § 10249-2, would have exactly the same effect as Rem. Rev. Stat., § 1750, because "credit" on the sentence would begin from the date of the earlier judgment and would cover the period of appellant's confinement in jail.

The fact that there is, or may be, an ambiguity in the meaning of the quoted provision of § 10249-2 furnishes an added reason why repeal of § 1750, by implication, is not to be favored in this instance.

■ It is universally accepted that inconsistency between statutes upon a given subject is never presumed, but such interpretation or construction should be adopted as will harmonize all acts upon the subject, if reasonably possible. *Kruesel v. Collin*, 171 Wash. 200, 17 P. (2d) 854; 1 Sutherland, Statutory Construction (3d ed.), 470, § 2015; 50 Am. Jur. 367, Statutes, § 363.

■ Placing the two statutes here under consideration, side by side, and applying the rules hereinbefore stated, we are of the clear belief that these statutes are neither inconsistent with, nor repugnant to, each other, and that they can be reconciled and both given effect. Our conclusion from this is that Rem. Rev. Stat., § 1750, has not been repealed, and that, according to the provisions thereof, appellant was entitled to have the period of his imprisonment pending his appeal deducted from, or in some way credited upon, the term of his confinement fixed in pursuance of the last judgment of conviction and sentence. This conclusion in effect disposes of both of respondent's contentions stated above.

It is true, as pointed out by respondent, that when the board of prison terms and paroles, acting under the authority of Rem. Rev. Stat. (Sup.), § 10249-2, made its formal order fixing appellant's "duration of confinement" in the state penitentiary at seven and one-half years, it endorsed upon its order, in parenthesis, a notation reading "(1½ years Jail Time Considered)." From this circumstance, respondent further argues that the period of appellant's prior confinement in the county jail was in fact or effect credited against the minimum period of imprisonment in the penitentiary as fixed by the board. We think it can be readily demonstrated that such is not necessarily the fact or effect.

The record in this case established that appellant had previously been convicted of a felony, committed in another state. At the time of committing the crime of which he was convicted in this case, he was armed with a deadly weapon. Rem. Rev. Stat. (Sup.), § 10249-2(b) [P.P.C. § 787-3], provides that, under such circumstances, "the duration of such person's confinement shall not be fixed at less than seven

and one-half (7½) years." That is exactly the period of "duration" which the board fixed for the appellant.

To accept respondent's argument and contention in this respect would require us to adopt some such reasoning as the following: The board first considered that a term of nine years was the appropriate "duration" to be fixed; it then decided to allow a credit of a year and a half for time spent in prior confinement in jail; allowance of such credit reduced the "duration" to seven and one-half years, which, by mere coincidence, *happened* to be the minimum period of duration within the power of the board to fix. With equal plausibility, it might also be reasoned, if reason to support respondent's contention were sought, that the board first decided that, under the statute, appellant's minimum confinement in the penitentiary could not be less than seven and one-half years; that it thereupon, arbitrarily or otherwise, settled upon a period of nine years as the duration period that actually should be fixed; that it then "considered" the "1½ years Jail Time" (fifteen months, to be exact), and, upon such consideration, allowed a credit of that length of time on the period it had first determined to be the appropriate duration; and that, in consequence of such computation, the board arrived at the minimum sentence of seven and one-half years, which, again by mere coincidence, happened to be exactly the minimum duration permissible under the statute.

We do not accept this line of reasoning, for we cannot assume that the board would, in the first instance or in any event, have imposed a duration period in excess of seven and one-half years. In our opinion, what the board should have done was, first, to fix and designate the period of confinement at whatever length of time it should decide, and then allow as a credit upon such fixed duration period the length of time that appellant had previously spent in jail. In this instance, the board has fixed the duration period, but has not allowed credit for time previously served.

Having arrived at the conclusion that the appellant is entitled to a time credit, we are next confronted with the

remaining question, as to what procedure shall be followed in order to accomplish that result in this case.

█ We are of the opinion, and declare, that in a case where a convicted person is entitled to a time credit for prior imprisonment, the judgment and sentence entered by the superior court should so state on its face, and that such credit should then apply on the maximum sentence imposed by the court and also upon the "duration of confinement" when fixed by the board of prison terms and paroles; this can easily be accomplished by having the judgment state the time from which the sentence and imprisonment thereunder shall run.

█ In this instance, that cannot now be done, for the reason that the final judgment of conviction and sentence was long ago signed and entered, and, in pursuance of such judgment and the relevant statute, the board of prison terms and paroles has entered a formal order definitely fixing appellant's minimum sentence. It would be a needless, as well as expensive, procedure to require the superior court now to set aside its former judgment and, with the entry of a new judgment, re-sentence the appellant, and then further require the board of prison terms and paroles to hold another hearing at which the minimum sentence should be fixed. The same result can as well, and more expeditiously, be obtained by requiring the superior court to enter an order, in the present proceeding, directing the board to allow the appropriate credit.

To avoid any misunderstanding of the effect of our holding herein, we may say that it will not become mandatory upon the board of prison terms and paroles to release the appellant from imprisonment at the expiration of his minimum sentence, upon which credit of time is herein allowed.

█ The discharge or release from imprisonment of a convicted person serving a maximum sentence is not, prior to the expiration of his maximum term, a matter of right, but is a matter of discretion with the board of prison terms and paroles. Such prisoner may not be released from the penitentiary or the reformatory unless, in the opinion of

the board of prison terms and paroles, his rehabilitation has been complete and he is a fit subject for release, or else until his maximum term has expired. Rem. Rev. Stat. (Sup.), § 10249-4 [P.P.C. § 786-1]; *In re Grieve v. Smith,* 26 Wn. (2d) 156, 173 P. (2d) 168; *In re Pierce v. Smith,* 31 Wn. (2d) 52, 195 P. (2d) 112.

The order of the superior court will be reversed, with direction to that court to enter, in its stead, an order consistent with the views herein expressed.

JEFFERS, C. J., BEALS, and MALLERY, JJ., concur.

HILL, J. (concurring in part and dissenting in part)—I agree that Rem. Rev. Stat., § 1750 [P.P.C. § 5-91], entitles the appellant to have deducted from the sentence imposed *by the superior court, i.e.,* the maximum of twenty years, the fifteen months spent in the county jail between his two trials.

I do not believe that this or any court has authority to tell the board of prison terms and paroles what credit it shall apply on the "duration of confinement" as fixed by it, so long as it does not exceed the maximum after deduction of the fifteen months therefrom.

Not only do we not have the authority to order the application of fifteen months or any credit period on the duration of confinement, but we have no means of knowing whether the appellant was entitled to any credit. He may have been non-co-operative, unruly, and obstreperous during the entire fifteen months. He was entitled to a deduction from the maximum because that time was spent in jail and the statute makes such a deduction by the superior court mandatory, regardless of what his conduct as a prisoner may have been. But in fixing the credit on the minimum duration of confinement, the behavior of the prisoner is certainly an important factor, and one of which we have no knowledge.

In so far as we purport to order the superior court to direct the board of prison terms and paroles as to what it should do about the appellant's duration of confinement, I dissent.