[No. 37453.   Department Two.   April 15, 1965.]

LINDA RODRIGUEZ, *Appellant*, v. SEATTLE SCHOOL DISTRICT No. 1, *et al., Respondents.*\*

*Williams, Cole & Kinnear* and *James S. Turner,* for appellant.

*Charles O. Carroll, James E. Kennedy,* and *Stanley E. Stone,* for respondents.

ROSELLINI, C. J.—This action was brought on behalf of Linda Rodriguez, a minor, to recover damages for personal injuries which she sustained while performing tumbling exercises under the direction of the defendant Shig Tsutsumi, a teacher at Madrona School in Seattle.

According to the allegations of the complaint, the minor plaintiff, a student enrolled in Madrona School, was participating in a physical education class in the school gymnasium; and while attempting to perform exercises prescribed by the teacher, she sustained injuries to her right leg. It was claimed on her behalf that the defendants were negligent in directing her to do the exercises when they knew that she could not perform them, in failing to exercise

\*Reported in 401 P.2d 326.

proper supervision, in refusing to heed her protestations, and in failing to properly instruct her in the exercises.

The defendants answered and moved for summary judgment, contending that the school district and its agents were immune from liability under the provisions of RCW 28.58.030, which reads:

> No action shall be brought or maintained against any school district or its officers for any noncontractual acts or omission of such district, its agents, officers or employees, relating to any park, playground, or field house, athletic apparatus or appliance, or manual training equipment, whether situated in or about any school house or elsewhere, owned, operated or maintained by such school district.

This motion was granted on the pleadings; and the plaintiff has appealed, urging before this court that the statute, as it has been construed, does not bar the action.

The construction which has been placed upon the words of the statute is set forth in *Briscoe v. School Dist. No. 123*, 32 Wn.2d 353, 201 P.2d 697, as follows:

> This court has held that the words, "park, playground, or fieldhouse," as used in the above statute, are descriptive adjectives, designating the location of the "athletic apparatus or appliance, or manual training equipment," and that, therefore, a school district is exempted from liability only in the case of injury *resulting from the negligence of its agents in relation to athletic apparatus or appliances or manual training equipment located* on or in any park, playground or fieldhouse, or "in or about any school house or elsewhere, owned, operated or maintained by such school district." *Stovall v. Toppenish School Dist. No. 49*, 110 Wash. 97, 188 Pac. 12, 9 A.L.R. 908. (Italics ours.)

There is in the complaint in this action no allegation of any negligence of the defendants relating to an athletic apparatus or appliance. Rather, the alleged acts of negligence all pertain to supervision of an activity which the minor plaintiff was required to engage in, and this court has held that a school district may be liable for injuries sustained as a result of negligent supervision or failure to supervise activities of its students. *McLeod v. Grant Cy.*

*School Dist. No. 128*, 42 Wn.2d 316, 255 P.2d 360; *Briscoe v. School Dist. No. 123, supra*; *Rice v. School Dist. No. 302, Pierce Cy.*, 140 Wash. 189, 248 Pac. 388.

In support of the judgment, the defendants argue that the accident occurred on a tumbling mat, which they contend is an "athletic apparatus or appliance." The record does not show that this was the fact; but assuming that it was, the minor plaintiff does not rest her claim for relief on alleged negligence in relation to a tumbling mat, but on negligent supervision of exercises which she was required to perform. In brief, she claims that the defendants were negligent in requiring her to perform acts which they knew, or should have known, that she was incapable of performing safely, and without first giving her proper instructions. If the allegations of the complaint can be taken to be true, the injury to the child would have occurred whether she attempted to perform the exercises on a mat or on the floor. Consequently, her action is not based on claimed negligence of the defendants in relation to athletic equipment or appliances.

It was error to grant the motion for summary judgment.

The judgment is reversed and the cause remanded for further proceedings consistent with the views expressed herein.

DONWORTH, FINLEY, WEAVER, and HAMILTON, JJ., concur.