[No. 38098.   Department One.   March 3, 1966.]

JOHN TARDIFF, *Appellant,* v. SHORELINE SCHOOL DISTRICT *et al., Respondents.*\*

\*Reported in 411 P.2d 889.

*Jack Youngberg, Wettrick, Toulouse, Lirhus & Hove,* and *Arnold J. Barer,* for appellant.

*Bateman, Reed, McClure & Moceri* and *Hugh A. McClure,* for respondent Shoreline School District.

LANGENBACH, J.†—John Tardiff has appealed from a summary judgment dismissing his action (by guardian ad litem) against the school district for injuries sustained in falling from a cargo net.

On May 27, 1963, the 7-year-old appellant was injured when he fell from a rope cargo net hung in the gymnasium of the respondent school district. The cargo net has been used in the school since 1961 as part of the physical education training program, in the same manner as a climbing rope, climbing ladder, climbing pole, horizontal ladder and climbing tree.

The complaint alleged negligence (a) in failing to provide reasonable protection over appellant's person, (b) in failing to properly supervise the activities conducted by the school, and (c) in advancing and putting into effect a plan, the reasonable and foreseeable consequence of which was to cause injury to the minor appellant.

The trial court granted the school district's motion for summary judgment on the ground that it was immune, the cargo net being an athletic apparatus within RCW 28.58-.030.[1]

---

†Judge Langenbach is serving as a judge pro tempore of the Supreme Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

[1]RCW 28.58.030: "No action shall be brought or maintained against any school district . . . for any noncontractual acts or omission of

Appellant contended that (1) RCW 4.92.090,[2] as amended in 1963, repealed by implication RCW 28.58.030; (2) the cargo net was not an athletic apparatus within RCW 28.58-.030; and (3) RCW 28.58.030 was not applicable to the alleged negligence.

1. Does RCW 4.92.090 repeal by implication the school immunity provided in RCW 28.58.030?

■ It is a well-settled principle of law in this state that repeal by implication is disfavored. *Abel v. Diking & Drainage Improvement Dist. No. 4,* 19 Wn.2d 356, 142 P.2d 1017 (1943).

In *State ex rel. Reed v. Spanaway Water Dist.,* 38 Wn.2d 393, 397, 229 P.2d 532 (1951), it was stated:

The *general rule* of statutory interpretation respecting implied repeals . . . provides that, in the absence of specific repealing language, a prior act is not repealed by the enactment of a later act relating to the same matter. The *exception* to the general rule permits a repeal by implication if the later act:

1. *Covers the entire subject* matter of the earlier legislation;

2. Is *complete* within itself;

3. Is evidently intended to supersede the prior legislation on the subject; or

4. If the two acts are so clearly inconsistent with and repugnant to each other that they cannot by fair and reasonable construction be reconciled and both be given effect.

■ After quoting the 1961 Act, RCW 4.92.090,[3] the appellant argued that, by its proviso, the legislature intended

such district, its . . . employees, relating to any . . . athletic apparatus or appliance, . . . whether situated in or about any schoolhouse . . . owned, operated or maintained by such school district."

[2]RCW 4.92.090: "The state of Washington, whether acting in its governmental or proprietary capacity, shall be liable for damages arising out of its tortious conduct to the same extent as if it were a private person or corporation."

[3]"The state of Washington, whether acting in its governmental or proprietary capacity, hereby consents to the maintaining of a suit or

the statute to be applied to any agency of the state of Washington. In addition, the 1963 amendment of RCW 4.92.090 repeatedly refers to "agencies of the state government." Appellant concluded that, since it is well settled that school districts are agencies of the state, the state, in waiving immunity on behalf of its agencies, effectively repealed by implication RCW 28.58.030. Even if it be conceded that a school district is an agency of the state, the appellant's conclusion would not necessarily follow.

The 1963 Act, amending the 1961 Act, eliminated the proviso entirely. In addition, the 1963 Act is an entirely new and comprehensive act. It consists of 12 sections concerning actions against the state, including presentation, filing, settlement, and payment of claims and judgments against the state and its agencies and departments of state government whose operations and activities give rise to liability and a lawful charge against moneys appropriated or available to such agencies and departments. RCW 4.92.010 *et seq.* Nowhere does there appear any intent to make this comprehensive act applicable to school districts. There is no provision therein whereby RCW 28.58.030 might be repealed, by an express statement or by necessary implication.

In further support of his contention, appellant cited *Swanson v. School Dist. No. 15,* 109 Wash. 652, 187 Pac. 386 (1920), where RCW 28.58.030 was held impliedly to repeal another statute allowing suit against the school district. The *Swanson* decision, at 658, concluded, "Here the act, in effect, takes from the operation of the prior law the liability of school districts in certain particulars." Consequently, the *Swanson* case is not apposite here.

The appellant also cited *Kelso v. Tacoma,* 63 Wn.2d 913, 390 P.2d 2 (1964). His argument was that this case applied

---

action against it for damages arising out of its tortious conduct to the same extent as if it were a private person or corporation. The suit or action shall be maintained in the county in which the cause of action arises: *Provided,* That this section shall not affect any special statute relating to procedure for filing notice of claims against the state or any agency, department or officer of the state." Laws of 1961, ch. 136 § 1.

RCW 4.92.090 to municipal corporations, and school districts are municipal corporations; therefore, RCW 28.58.030 was repealed by necessary implication. But school districts are classified as quasi-municipal corporations, a distinct category. *Swanson, supra.* First, the Kelso case pertained to the doctrine of municipal immunity derived by common law from the state generally and not to a special legislative enactment granting immunity as in the case of a school district. "The common-law right of sovereign immunity is not in the municipality but in the sovereign from which the immunity is derived."

Further, the 1963 Act is a comprehensive one of 12 sections pertaining primarily to claims and action against the state itself, and its agencies and departments. Nothing is stated therein which might have any bearing upon the statute establishing immunity of school districts. It is significant to observe that the 1963 legislature also enacted chapter 67 amending RCW 28.58.045; chapter 41, amending RCW 28.58.070; and chapter 104, amending RCW 28.58.100. All relate to school districts. Yet, nothing is stated in any of them affecting RCW 28.58.030 in any manner. If the legislature had intended to repeal RCW 28.58.030 by enacting RCW 4.92.090, a more effective method would have been by an express provision so to do in any of the above sections affecting school districts. This was not done.

The rationale and reasonable conclusion, accordingly, is that the legislature did not intend to repeal RCW 28.58.030 by implication.[4]

---

[4]In *Babcock v. School Dist. No. 17*, 57 Wn.2d 578, 581, 358 P.2d 547 (1961), this court similarly reasoned in answer to the argument that RCW 4.08.110 and 4.08.120 impliedly repealed RCW 28.58.030 and said:

"Considering the rule relative to legislative intent, we find that, in the 1953 session of the legislature, two bills were introduced relating to the subject of governmental immunity, namely, House Bills Nos. 124 and 555. . . .

"This act [No. 124], which would have specifically repealed Laws of 1917, chapter 92 (RCW 28.58.030), died in committee. House Bill No. 555, which did not repeal RCW 28.58.030, became Laws of 1953, chapter 118 (RCW 4.08.110, 4.08.120). From the foregoing, it is apparent

Certainly the statute waiving immunity concerning the state and its agencies and departments is not repugnant to or inconsistent with the statutory immunity afforded school districts. Each covers an entirely different and separate category. There was no repeal of RCW 28.58.030 by implication.

■ 2. Appellant next contended that the cargo net was not an athletic apparatus within RCW 28.58.030, in that it was not permanently affixed, and it was not manufactured for athletic purposes. That an athletic apparatus must be permanently affixed, appellant cited *Briscoe v. School Dist. No. 123*, 32 Wn.2d 353, 365, 201 P.2d 697 (1949). He has misconstrued that case. The *Briscoe* case, in holding that a football was not an athletic apparatus, said that an athletic apparatus is "more or less permanently located equipment, such as swings, slides, traveling rings, teeter boards, chinning bars, etc., and not something as highly mobile as a football." This case was followed in *Snowden v. School Dist. No. 401*, 38 Wn.2d 691, 231 P.2d 621 (1951), which held that a backstop (which was lying on the ground but lifted into position and later fell on a child) was an athletic apparatus. Although the equipment was more or less permanently located, it must, in addition, pertain to those engaged in athletic or physical training or exercises. *Juntila v. Everett School Dist. No. 24*, 178 Wash. 637, 35 P.2d 78 (1934); and *Snowden, supra.* In the case at bar, the cargo net was more or less permanently located; the net was always hung from the same position in the gymnasium and remained in that position while in use. Also, the net pertained to those climbing it.

Appellant also argued that, in order for the net to be an athletic apparatus within the purview of the statute, it must have been manufactured for the purpose for which it was being used. For this proposition, he cited the cases of *Stovall v. Toppenish School Dist. No. 49*, 110 Wash. 97, 188

---

to us that the legislature considered . . . (RCW 28.58.030), at the time it passed . . . (RCW 4.08.110, 4.08.120), and did not intend to repeal the former either expressly or by implication."

Pac. 12, 9 A.L.R. 908 (1920), and *Snowden, supra.* In the *Stovall* case, a steel tank (which was part of the water system and removed from the school basement and set aside by the school) was held not to be an athletic apparatus. In *Snowden,* in determining that a backstop was an athletic apparatus, the court, at 698, said that in the *Stovall* case, "The court was concerned with the wholly different question of whether an apparatus or appliance not designed for play purposes, but being actually used for that purpose, falls within the purview of . . . [RCW 28.58.030]." The steel tank was being used, in fact, for play purposes, but without the sanction of the school. The school was held liable for negligently leaving the tank on the playground. Appellant's contention is without basis.

3. Appellant's last contention was whether RCW 28.58-.030 was applicable to the alleged negligence.

> [T]he purpose of a summary judgment is to avoid a useless trial, but that a trial is necessary where there is disputed evidence relating to a material fact. The function of the court, in ruling upon a motion for summary judgment, is not to resolve such factual issues, but, rather, to determine whether a genuine issue as to any material fact exists. The burden is upon the moving party to establish the absence of a genuine issue as to a material fact. *Hughes v. Chehalis School Dist. No. 302,* 61 Wn.2d 222, 224, 377 P.2d 642 (1963).

■ A school district has a duty to anticipate reasonably foreseeable dangers and to take precautions protecting the children in its custody from such dangers. The child may sue the school district for injuries resulting from its failure to protect the child. "An exception is made where such injury results from the use of athletic apparatus or appliances . . . RCW 28.58.030." *McLeod v. Grant Cy. School Dist. No. 128,* 42 Wn.2d 316, 318, 255 P.2d 360 (1953). This, however, does not mean that whenever an athletic apparatus is involved, the school district is immune.

In order for RCW 28.58.030 to be applicable, the negligence of respondent must be in relation to the cargo net or athletic apparatus. But where "the alleged acts of negli-

gence all pertain to supervision of an activity which the minor plaintiff was required to engage in, . . . this court has held that a school district may be liable for injuries sustained as a result of negligent supervision or failure to supervise activities of its students. [Citing cases.]" *Rodriguez v. Seattle School Dist. No. 1,* 66 Wn.2d 51, 401 P.2d 326 (1965).

In *Rodriguez,* while performing tumbling exercises upon a tumbling mat under the direction of a teacher, the claimant child was injured. The child alleged negligence "in directing her to do the exercises when they knew that she could not perform them, in failing to exercise proper supervision, in refusing to heed her protestations, and in failing to properly instruct her in the exercises." The court assumed that the tumbling mat was an athletic apparatus and said, at 48, "the minor plaintiff does not rest her claim for relief on alleged negligence in relation to a tumbling mat, but on negligent supervision of exercises which she was required to perform."

In the case at bar, the complaint alleged negligence (a) in failing to provide reasonable protection over appellant's person, (b) in failing to properly supervise the activities conducted by the school, and (c) in advancing and putting into effect a plan, the reasonable and foreseeable consequence of which was to cause injury to the minor appellant. These are the same allegations, in essence, of the complaint in the *Rodriguez* case, *supra.* Under the holding of the *Hughes* case, *supra,* if there is a genuine issue of any material fact, a summary judgment cannot be granted. There was such a genuine issue of a material fact here. It was error for the trial court to grant the motion for a summary judgment.

The judgment is reversed and the case remanded for further proceedings. The costs will abide the final determination of the action.

ROSELLINI, C. J., HILL, OTT, and HALE, JJ., concur.