[No. 39915.    En Banc.    May 8, 1969.]

COPELAND LUMBER COMPANY, *Respondent*, v. ORAMEL WILKINS, *Defendant,* J. N. KNOX *et al., Appellants.*\*

*\*Reported in 454 P.2d 821.*

*Brodie, Fristoe & Taylor,* for appellants.

*O'Leary, Meyer & O'Leary,* by *Stephen J. Bean,* for respondent.

HUNTER, C. J.—This case was tried in the superior court upon an agreed statement of facts and issues. It resulted in a judgment determining that the Copeland Lumber Company, respondent, had a lien as against the property of the appellants, J. N. Knox and his wife, owners of property upon which a single family residence was being constructed.

The respondent commenced to furnish materials for the construction of the dwelling on May 12, 1964. On May 23, 1964, 11 days later, it caused a notice of intention to claim a lien against the appellants' property to be mailed to them. Respondents had been paid for all materials furnished prior to the notice. There remains only the narrow question of whether there is a lien for materials delivered to the contractor, Wilkins, after the notice. Wilkins filed in bankruptcy.

In 1959, Senate Bill No. 63 and Senate Bill No. 64 were enacted into law. These became chapter 278 and chapter 279, respectively, of the Laws of 1959. Each purported to amend section 1, chapter 45, Laws of 1909 as amended by section 1, chapter 214, Laws of 1957, and RCW 60.04.020.

That part of chapter 278 pertaining to the issue in this case is as follows:

> *Provided, however,* That with respect to materials or supplies used in construction, alteration or repair of any single family residence or garage such notice must be given not later than ten days after the date of the first delivery of such materials or supplies. No materialmen's lien shall be enforced unless the provisions of this section have been complied with: *Provided, That in the event the*

> *notice required by this section is not given within the time specified by this section, any lien or claim of lien shall be enforceable only for materials and supplies delivered subsequent to such notice being given to the owner or reputed owner, and such lien or claim of lien shall be secondary to any lien or claim of lien established where such notice was given within the time limits prescribed by this section.*

(Italics ours.)

The second proviso was omitted in chapter 279, section 2, so that the pertinent part read as follows:

> *Provided, however,* That with respect to materials or supplies *or equipment* used in construction, alteration or repair of any single family residence or garage such notice must be given not later than ten days after the date of the first delivery of such materials or supplies or equipment. No materialmen's lien shall be enforced unless the provisions of this section have been complied with.

(Italics ours.)

Chapter 278 and chapter 279 were filed in the office of the Secretary of State one minute apart, chapter 279 being the later in time. RCW 1.12.025 reads as follows:

> If at any session of the legislature there are enacted two or more acts amending the same section of the session laws or of the official code, *each act shall be given effect to the extent that the amendments do not conflict in purpose,* otherwise the act last filed in the office of the secretary of state in point of time, shall control.

(Italics ours.)

Appellant contends that chapter 279 thus repealed the proviso contained in chapter 278 allowing a lien for materials delivered after the notice in those instances where the 10 day requirement was not complied with. Respondent takes the position that the amendments "do not conflict in purpose", and therefore this provision of chapter 278 was not repealed. The trial court accepted this latter view, and we are inclined to agree with its decision.

Other than the disputed proviso of chapter 278, the amendment accomplished by chapter 279, section 2 was to

include the renting, leasing, or the otherwise supplying of equipment; services which prior thereto had been held to be not included in the statute as lienable. *See Willett v. Davis,* 30 Wn.2d 622, 193 P.2d 321 (1948); and *Sundberg v. Boeing Airplane Co.,* 52 Wn. 2d 734, 328 P.2d 692 (1958).

Chapter 278 likewise is devoted to but one amendment— the lien given for materials delivered after the notice.

■■ It has long been a rule of statutory construction in this state that repeals by implication are not favored. A statute will not be held to have repealed a preceding statute by implication when the two can stand together. Before a legislative enactment can be found to have been impliedly repealed by a subsequent act, the later legislation must evidently be intended to supersede the prior legislation on the subject. Both acts will be allowed to stand unless they are clearly inconsistent with and repugnant to each other and cannot, by fair and reasonable construction, be reconciled and both given effect. *In re Sanford,* 10 Wn.2d 686, 118 P.2d 179 (1941); *Abel v. Diking & Drainage Improvement Dist. No. 4,* 19 Wn.2d 356, 142 P.2d 1017 (1943); *Rosenthal v. Tacoma,* 31 Wn.2d 32, 195 P.2d 102 (1948); *Lindsey v. Superior Court,* 33 Wn.2d 94, 204 P.2d 482 (1949); *Fransen v. State Bd. of Natural Resources,* 66 Wn.2d 672, 404 P.2d 432 (1965); *Tardiff v. Shoreline School Dist.,* 68 Wn.2d 164, 411 P.2d 889 (1966); and *State Bd. Against Discrimination v. Board of Directors, Olympia School Dist. No. 1,* 68 Wn.2d 262, 412 P.2d 769 (1966). An examination of the bills themselves as they came from the legislature does not reveal that by chapter 279, section 2, the legislature intended to delete any part of chapter 278. Rule 60 of the Senate Rules, and Rule 85 of the Rules of the House, both as in effect in 1959, required any matter intended to be deleted, to be set forth enclosed in double parentheses. Senate Bill No. 64 failed to comply with these rules. The proviso in question was not set forth at all in Senate Bill No. 64.

By chapter 98, Laws of 1965, chapter 278 and chapter 279, section 2, were amended to continue the language of the proviso. Although such action of a subsequent legisla-

ture probably cannot be considered to show intent, it does indicate a recognition of the inconsistency of the situation.

We are of the opinion that the two acts did not *conflict in purpose*. The provision of chapter 278 relative to materials and supplies delivered subsequent to the notice remained in effect. The respondent had an enforceable lien as against the property of the apppellants.

Affirmed.

HAMILTON, HALE, and McGOVERN, JJ., concur.

FINLEY, J. (concurring)—At risk of underlining the obvious, it is worth explicitly setting out why these enactments do not "conflict in purpose." Chapter 279 of the Laws of 1959 added to RCW 60.04.020 and its proviso affecting single family residences a lien protecting *suppliers of equipment*. Chapter 278 of the Laws of 1959 added to the existing statute (Laws of 1957, ch. 214, § 1.) a proviso making it effective against *material or supplies delivered after the notice of intent to claim the lien,* regardless of whether or not the notice was effective as to prior deliveries.

Chapter 279 redefined the class of property upon which the lien could be perfected; chapter 278 altered part of the procedure by which a lien could be perfected on items within the lienable class. If this case had involved an attempt to assert the lien against equipment delivered subsequent to a notice of intent to assert the lien, the purposes of the two enactments could be said to conflict; for one rendered equipment lienable, while the other rendered the lien against lienable items (but not equipment) perfectable as to subsequently delivered items.

The instant case does not involve this problem. It involves an attempt to assert the lien against *material* subsequently supplied. The purpose of the second enactment being to render equipment lienable, the statutes exhibit no conflict of purpose as to the instant case. Each is capable of standing or operating alone.

It should be noted that the legislature later corrected both the problem in the instant case and the problem which

I have posed as putting a case of clear conflict of purpose. Laws of 1965, ch. 98, § 1. This was done by consolidating the two amendments discussed by the majority in such a manner as to render the change in the procedure by which the lien could be perfected applicable to equipment, as well as to material and supplies. RCW 60.04.020.

Both the majority and the dissent discuss implied repeal. While I am in agreement with the majority that the rules of law and policy formulated by this court in dealing with implied repeal are relevant to the instant case, it is somewhat fictitious to regard what happened here as a possible implied repeal. It would appear that these enactments were in essence considered simultaneously, that their inconsistency was due to inadvertent error, and that any attempt to reconcile them must be somewhat mechanical in its operation.

I agree with Hunter, C. J., that we are required to give effect to both enactments if that is possible. I am quite certain that interpretation of RCW 1.12.025 in the manner recommended by Justices Hill and Neill would result in the exception—"*otherwise,* the act last filed in the office of the secretary of state in point of time, shall control" (italics mine)—swallowing the rule.

Without differences of opinion, there would be no need for appellate courts. It appears to me that there is room in this case for reasonable differences of opinion, and that it is clear that the majority has not read the statute as it presently stands into the previous enactment.

The dissent takes the position that the legislature repealed by omission or implicit deletion a law which had not yet pursued its route through the Governor's office to the statute books. The analysis is a subtle one, and entirely collateral to the central issue, which is the proper characterization of the purposes of these two enactments.

The dissent's argument as to repeal by deletion fails for the simple reason that chapter 279 did not purport to amend, in either title or text, anything with respect to RCW 60.04-.020 except "Section 1, chapter 45, Laws of 1909 *as last*

*amended by section 1, chapter 214 Laws of 1957, . . ."* In my opinion, the dissent's attempted characterization of chapter 279's effect on chapter 278 is a fishing expedition in the Sahara.

For the reasons given, I concur in the opinion of the majority.

HILL, J. (dissenting)—I dissent. As indicated in the majority opinion, chapter 278 and chapter 279 of the Laws of 1959 both amended RCW 60.04.020, which is part of our materialmen's lien law. They were filed in the office of the Secretary of State on the same day in the order indicated by their numbers. The majority accurately states the purpose of each amendment.

Chapter 279 was made up of a series of 12 amendments to the mechanics' and materialmen's lien laws[1] and was intended as a comprehensive overhaul of those laws. Section 2 thereof stated that RCW 60.04.020 was "amended to read as follows." It repeated the existing RCW 60.04.020 and added the second proviso found on page 941 of the majority opinion. It, however, omitted the underscored proviso from chapter 278 found on page 942 of the majority opinion.

It seems to me that as between chapter 278 and chapter 279, the act last filed in the office of the Secretary of State should control (RCW 1.12.025). There is no question of implied repeal; the proviso added by chapter 278 was repealed by deletion. The language is clear, RCW 60.04.020 was "amended to read as follows: . . ." and, as so amended, there was no provision for a lien unless filed within 10 days after the first delivery of the material. (The omitted proviso gave a lien for material furnished after the notice was given, even if the notice was not filed within the 10-day period.)

That chapter 279 deleted the proviso contained in chapter 278 was apparently the construction placed on the situation by the legislature, for it again amended RCW 60.04.020 by

---

[1] It amended RCW 60.04.010, 60.04.020, 60.04.040, 60.04.050, 60.04.060, 60.04.064, 60.04.067, 60.04.090, 60.04.110, 60.04.130, 60.04.140, and 60.04.180.

chapter 98 of the Laws of 1965 to include the identical proviso contained in chapter 278 of the Laws of 1959.

The majority now says that the legislature did a useless thing in enacting chapter 98 of the Laws of 1965, because chapters 278 and 279 of the Laws of 1959 have both been in effect since their normally effective date of midnight June 10, 1959. I do not agree.

No one is affected by this particular judicial determination of legislative intent except the immediate parties; the legislature having itself reenacted the deleted proviso. To achieve what it regards as justice for the late filing materialman in this particular case, the majority places a question mark on every legislative attempt to repeal by deletion. Each such attempt now becomes a matter of intention to be determined by the Supreme Court. I am not sure we magnify our stature as a court of justice; clearly we minimize it as a court of law.

ROSELLINI and NEILL, JJ., and DONWORTH, J. Pro Tem., concur with HILL, J.

\*Reported in 454 P.2d 381.